THE PEOPLE, *ex rel.* JOHN McCONVILL, &c., Respondents, *v.* ISAAC HILLS, Appellant.

The Constitution of this State expressly provides, that no private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in its title.

" An act to amend chapter 389 of the Laws of 1851 " — which chapter embraces two hundred and ninety-two sections, and is entitled, " An act to amend and consolidate the several acts relating to the city of Rochester " — is a local act; and the subject-matter of the proposed amendment must be contained in the title of the act.

It is not sufficient to state, in general terms, in the title of a private or local bill, that it is an act to amend a certain chapter of the Laws of a previous year where such chapter consists of various sections, subject to distinct amendments.

*Theodore Bacon,* for the appellant.

*W. F. Cogswell,* for the respondents.

DAVIES, Ch. J.    The only question involved in this appeal is the validity of the act of the legislature, passed March 24, 1865, entitled, " An act to amend chapter three hundred and eighty-nine of the Laws of eighteen hundred and fifty-one." (Laws of 1865, ch. 181, pp. 303, 304.)    Chapter 389 of the Laws of 1851 is entitled : " An act to amend an act entitled, ' An act to amend and consolidate the several acts relating to the city of Rochester,' passed April 10, 1850." (Laws of 1851, pp. 757, 770.)    Sections 285 to 292, inclusive, of the act of 1851, provide for enabling the city of Rochester to subscribe for and hold stock in the Rochester and Genesee Valley Railroad Company, to an amount not exceeding $300,000.    The 290th section is as follows : " The common council of the city of Rochester, in case the said ' The Rochester and Genesee Valley Railroad Company' elects to receive their subscription, shall have power to nominate and appoint one director of said company for every seventy-five thousand dollars of capital stock held by said city at the time of each election of directors of said company; but said city shall have no voice in the election of the remaining directors."    Sections

291 and 292 provide that sections 285 to 290 shall not take effect until approved by two-thirds of the electors of the city at an election therein provided for. The election was held, and the act took effect. On the 15th of June, 1852, the mayor, by the authority of the common council, and by virtue of this act, subscribed for $300,000 of the stock. On the same day, the company, by resolution of the board of directors, accepted the city's subscription. The act of 1865, the title of which has already been given, authorized the common council of Rochester to appoint seven directors of the company, instead of four, but did not increase the number of directors, which was fixed, and remains, at thirteen.

The defendant was elected secretary and treasurer of the company, June 12, 1862, to hold office "during the pleasure of the board of directors." He has never been removed, unless the proceedings, under which the relator claims those offices, constitute a removal. Some time in 1865, after the passage in that year of the act above referred to, the common council of Rochester proceeded to elect seven directors of said company. Those directors, so chosen, have met by themselves, claiming to be a majority of the board of directors of the company, and appointed the relator secretary and treasurer thereof. He has demanded of the defendant the books and papers of the company, who refused to deliver them; and this action is brought to try the defendant's title to those offices. Judgment was given for the defendant, at the Special Term, which the General Term reversed and ordered a new trial. The defendant appeals from this order, stipulating that, if it be affirmed, judgment absolute may be rendered against him.

The only question which it is deemed necessary to consider is, whether the act of March 24, 1865, is constitutional. The object and subject-matter of the act is, to authorize the common council of the city of Rochester to elect seven directors of the Rochester and Genesee Valley Railroad Company, instead of four. This is apparent, not only from the language of the act, but from all the surrounding circumstances. But no person would ever arrive at that

knowledge from reading the title of that act. That title is, " An act to amend chapter three hundred and eighty-nine of the Laws of eighteen hundred and fifty-one." By a reference to that chapter of the laws of that year, it is seen that such act is an act to consolidate into one act the several laws relating to the charter of the city of Rochester, and to amend the same; and contains 293 sections. The act under consideration does not indicate, from its title, what particular part or section of the act of 1851 is amended, or any reference or indication of the subject-matter of the amendment. The provision of the Constitution of this State, in reference to this matter, is very plain and simple, and easily understood. It is, that " no private or local bill, which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed in the title." (Const., art. 3, § 16.)

That this is a local bill cannot, I think, admit of any question. (*The People* v. *McCann*, 3 Park., 272; *S. C.*, 16 N. Y., 60; *Williams* v. *The People*, 24 id., 405.) Burrill, in his Law Dictionary (vol. 2, pp. 163, 164), defines the word " local " as follows: " Relating to place, belonging or confined to a particular place, distinguished from general, personal or transitory." This act is purely local in its application. It has no force beyond a particular city or county, and is, therefore, confined to a particular locality. It is not general, and has no application except to the common council of a particular city. Actions have a well-known classification, as local or transitory, and the former must be tried in a particular county. I assume that the act under consideration was local, within the meaning and intent of the constitutional inhibition. A judge of the Supreme Court, who was a member of the constitutional convention of 1846, said, in McCann's case (*ubi supra*), in speaking of this clause of the Constitution: " Instances had occurred in which important enactments had been smuggled through the legislature under cover of some bill with a modest and unpretending title; and, to guard the legislature, as well as the public, against this kind of imposi-

tion, the framers of the Constitution adopted the section to which I have referred."

The next inquiry is, is the substance of this act expressed in the title thereof? The statement of the question, and a reference to the title, furnishes a conclusive answer. The subject-matter of the act is to increase the number of directors, which the common council of the city of Rochester was entitled to elect, to compose the board of directors in the Rochester and Genesee Valley Railroad Company. No human ingenuity would ever discover that subject from the title of the act. From its title, it might as well be supposed to refer to any one of the numerous topics embraced in the 293 sections of chapter 389 of the Laws of 1851, as to the matter covered by the 290th section of that act. If the framer of the act of March 24, 1865, had entitled it an act to amend section 290 of chapter 389 of the Laws of 1851, a reader, by referring to that section, might have obtained from its title some notion of what the subject-matter of the act related to. But it would seem impossible to devise a title, more calculated to mislead and throw off suspicion or inquiry as to the real subject of the act, than the one employed on this occasion. To sanction such a procedure would be to override and nullify a clear, plain and mandatory provision of the Constitution. I cordially approve of the language of a member of the Court for the Correction of Errors (4 Hill, 418), where he said: "To maintain the Constitution is our first duty, and if the legislature has, for any cause, encroached upon that sacred instrument, or if an erroneous construction has been given to it, we are imperatively called upon to declare its meaning, and to assert its supremacy. Nothing can be more dangerous to our free institutions, or to the rights of the people, than to encourage doubtful interpretations of the Constitution, contrary to its more plain and natural import, as understood by the great body of its readers."

These observations are peculiarly pertinent to the case now under consideration. They are sound, and sustained by abundant authority, and unmistakably instruct us as to our duty in the present case. It is very clear to my mind that

the subject of this act is not expressed in its title, and it must, therefore, fall under the condemnation of this section of the Constitution. It is not a sufficient compliance with this provision, that a subject is expressed in the title of the act. The true and actual subject or object must be thus expressed, or the evil and mischief which the framers of the Constitution sought to avert and prevent will not have been effectually guarded against. The attention of this court has heretofore been attracted to this section of the Constitution, and remarks have been made concerning it. GARDINER, Ch. J., in the case of *The Mayor, &c.,* v. *Colgate* (2 Kern., 146), said: "Now, it is notorious that the discrepancy between the headings and subjects of our laws were so frequent that a constitutional provision was deemed necessary, to guard against imposition upon a class of legislators whose knowledge of bills was supposed to be gathered principally from the title."

Again, the same learned judge said, in the case of the *Sun Mutual Insurance Company* v. *The Mayor, &c.,* (4 Seld., 253): "The purpose of the 16th section was, that neither the members of the legislature nor the public should be misled by the title." In that case, the act under consideration was entitled, "An act to enable the supervisors of the city and county of New York to raise money by tax." It was held by this court to be a local bill, that it embraced but one subject, and that that subject was embraced in the title. We are clearly of the opinion that, in regard to the law in question in this case, the subject or object thereof is not embraced in its title, and must, therefore, be held to have been passed in violation of this provision of the Constitution. It follows, from these views, that the order of the General Term granting a new trial must be reversed, and the judgment of the Special Term affirmed, with costs.

All the judges for reversal — HUNT, J., on the ground of the violation of contract.

Judgment reversed.