## N. Y. SUPERIOR COURT.

NELSON SMITH agt. THE MAYOR, &c., of the City of New York.

Section 10 of the act of May 4, 1866, providing that the mayor, &c., of the city of New York, shall not be liable upon any contract or expenditure, &c., made by any board or officer of the corporation, not expressly authorized by that act, is *unconstitutional and void,* as embracing a subject not contained in the title of the act, and *is no answer to an action for services of an attorney performed for the corporation. (See Wood* agt. *Mayor, &c., ante, p.* 501.)

*Special Term, February,* 1868.

MOTION by plaintiff for judgment, on account of the frivolousness of the answer.

NELSON SMITH, *plaintiff, in person.*
DAVID J. DEAN, *for defendants.*

McCUNN, J.   By this motion, which is in the nature of a demurrer to a plea, the plaintiff demands judgment as on a frivolousness answer. . The ground of the action is a claim for services rendered by the plaintiff, an attorney and counsellor, to the corporation of the city of New York, during the years 1866 and 1867.

The answer propounds for defense, that there is no money in the treasury of the city of New York to the credit of the appropriation for the specific object or purpose upon which the claim set forth in the complaint is founded.

The defendants do not dispute their contract with the plaintiff, nor do they deny that he has faithfully discharged all his obligations under the contract.

The allegations of the complaint are therefore taken to be true, and the only question is as to their sufficiency in law to warrant a judgment for the plaintiff.   The answer interposed by the defendants raises a single issue, which is, whether the law of May 4, 1866, commonly called the tax

levy, be, in respect to the subject in controversy, constitutional and obligatory enactments.

The particular provisions under discussion are in these words: "The mayor, aldermen and commonalty of the city of New York shall not be liable upon any contract made, or expenditure authorized, or liability incurred, by any board, department or officer of said corporation, for any object or purpose which is not expressly authorized by this act, nor for any contract made, or expenditure authorized, or liability incurred, by any board, department or officer of said corporation, for any object or purpose named in this act, beyond the amount appropriated to such specific object or purpose; and no judgment in actions upon contract shall be entered, by default or otherwise, in any court, against said corporation, except upon proofs in open court that the amount sought to be recovered in said judgment still remains unexpended in the city treasury, to the credit of the appropriation to the specific object or purpose upon which the claim sued for is founded."

The contract on which the plaintiff bases his claim appears by the record to have been made before the 4th day of May, 1866, the date of the passage of the law in question, and to have been partially performed before that period. Now, if it were necessary to the decision of this motion, it might be contended, and I think successfully, that the clause in controversy (the act May 4th, 1866), is repugnant to section 10, article 1 of the constitution of the United States, and is therefore, as to the contract in question, void and of no effect. This proposition I have already discussed in *Wood agt. The Mayor, &c.*, decided at special term, June, 1866; and the arguments and authorities adduced in that case need no repetition on the present occasion. I will merely add that the judgment then entered has since received abundant confirmation by all the courts of this city.

But the application before me may be disposed of on another, and, perhaps, more satisfactory, ground. By section

10, article 3 of the constitution of New York, it is ordained that "no private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title." Hence, if a private or local bill embrace more than one subject, that be not expressed in the title, in either event, the bill conflicts with the constitution, and is a nullity. (*The People* agt. *Hills*, 35 *N. Y.* 449.)

The title of the tax levy law of 4th May, 1866, is, "An act to enable the board of supervisors of the county of New York to raise money by tax for the use of the corporation of the city of New York, and in relation to the expenditure thereof."

That the tax levy law (the act May 4th, 1866), is a local bill within the effect of the constitutional prohibition, is sufficiently obvious in its very nature. But, in *The Sun Mutual Insurance Company* agt. *The Mayor, &c.* (4 *Seld.* 259), we have an express adjudication of the point; for in that case the court of appeals distinctly determined that the " act to enable the supervisors of the city and county of New York to raise money by tax, was a *local bill.*" Now, I take it to be apparent, from the term of the title above quoted, that the bill embraces more than one subject; and still more it is evident that, the *subject* involved in this controversy is not expressed in the title. In this view a doubt might be entertained as to the constitutionality of the entire enactment; but for the purposes of this motion, it will suffice to determine the validity of the 10th section, the clause in debate. The true and proper subject of the tax levy law (act 4th May, 1866), is to enable the supervisors of New York to raise money for the use of the city. Whether the *appropriation* of the money so raised, be not a different subject, may admit of serious question. That the particular provision before us (§ 10 of act May 4th, 1866), whereby the general law of the state is repealed *pro-tanto*, and the established rules and practice of the courts essentially modified—that this important provision constituting a substantive and independent *subject*, different in nature and object from the charisteristic

Smith agt. The Mayor, &c., of New York.

purpose and import of the bill, is too plain for judicial discussion.  Nor, is it less evident and indisputable, that this special and exceptional subject is not "expressed in the title of the bill."   Embracing more than one subject; and the subject involved in this motion, not being expressed in the title; the bill is inoperative; at least as to that subject, which is foreign to the legitimate scope and object of the enactment.   The *People* agt. *McCann* (16 *N.Y. R.*, 60); *Williams* agt. *The People* (24 *N. Y. R.*, 405); *The Mayor, &c.* agt. *Colgate* (2 *Kern.*, 146; *Sun Mutual Insurance Company* agt. *The Mayor* (*vide supra*).   In this last case Mr. Chief Judge DAVIES, employed the following language:   "It would be impossible to devise a title more calculated to mislead or throw off suspicion or inquiry, as to the real subject of the act.   To sanction such a procedure would be to override and nullify a clear, plain and mandatory provision of the constitution.

I cordially approve of the language of a member of the court for the correction of errors (4 *Hill*, 418), where he said :   " To maintain the constitution is our first duty, and if the legislature has, for any cause, encroached upon that sacred instrument, or if any erroneous construction has been given to it, we are imperatively called upon to declare its meaning, and to assert its supremacy."   I hold, that section 10 of the act May 4th, 1866, being unconstitutional and void; affords no answer to the present action.

The plaintiff must have judgment.

---

ERRATA.

In the case of *Kimberly* agt. *Parker, ante, page* 280, in the first paragraph, for the word " pre-eminently," read *prominently;* and in the second paragraph, near the bottom, for the word " created," read *enacted.*