DURKEE vs. THE CITY OF JANESVILLE and another.—Two appeals.

CONSTITUTIONAL LAW: *Local bill; how the title must express the subject.*

Ch. 269, Pr. & L. Laws of 1870, which had for its sole object to legalize certain proceedings of the common council of Janesville, but is entitled "An act to legalize and authorize the assessment of street improvements and assessments," is invalid, because it does not show the *locality* to which it applies, and therefore does not "express the subject" thereof, within the meaning of sec. 18, Art. IV, of the state constitution.

APPEAL from the Circuit Court for *Rock* County.

This action was brought against the *City of Janesville* and its treasurer, to restrain the sale of the plaintiff's lots for the purpose of collecting an assessment made upon them for grading the street in front thereof, and paving it with the Nicholson pavement; and also to have said assessment, and all the proceedings relating thereto, adjudged to be illegal and void. Various irregularities in the proceedings upon which the assessment was based, are specified in the complaint. The work was done under a contract entered into in July, 1869, and the action was commenced in December, 1869. An injunction was granted, as prayed, until the further order of the court. At the next session of the legislature, an act was passed (approved March 11, 1870, and published as ch. 269, Private and Local Laws of 1870), which was designed to remedy the defects in the proceedings relative to the grading and paving of said street. It is entitled "An act to legalize and authorize the assessment of street improvements and assessments;" and it provides as follows:

" Section 1. In all cases where a recommendation has heretofore been presented to the common council of the city of Janesville, under section eighteen of chapter six of the charter of said city, accompanied by an affidavit

showing that such recommendation is signed as required by said section eighteen, such recommendation and affidavits shall, in all courts and places and for all purposes, be deemed and held conclusive evidence of the facts, matters and things stated therein, and any and all proceedings of said common council, after the reception of any such recommendation, relating to the subject matter thereof, and which would have been authorized by said charter had such recommendation been valid and sufficient, are hereby legalized and declared valid in all courts and places.    *    *    *

" Section 2. The recommendations and petitions heretofore presented to the common council of said city of Janesville, and received and ordered to be placed on file by said council, relating to the improvement of West Milwaukee street, or a part thereof, in said city, with Nicholson pavement, and a change in the grade thereof; the specifications made and adopted by said council for said improvement; the order or orders of said council as made and adopted, ordering said work or improvement; the publication as made for proposals for the doing of said work ; the acceptance by said council of the bid or proposals of Messrs. Tennant and Allen, and of S. A. Harrison, are hereby severally declared legal and valid in all courts and places, and any other act or subsequent proceedings of the common council in relation to said work or the improvement of said street, shall have the same force and effect as if the acts above enumerated had been in all respects in compliance with each and every of the requirements or directions of the charter of said city in relation to the improvement of said street, and said petitions or recommendations had been signed by the requisite majority."

In May following, a motion having previously been made by the defendants to dissolve the injunction, the court made an order continuing the injunction, so far as it restrained the collection of so much of said assess-

ment as was made for the paving of the street, but vacating so much of the same as restrained the collection of that part of the assessment which was made for the grading and curbing of the street. From the second part of this order the plaintiff appealed; and from the first part the city appealed.

*Conger & Sloan*, for the plaintiff, argued, among other things, that ch. 269, Pr. & L. Laws of 1870, is void. 1. Because it is a local law, and does not express the subject in the title. Cons. of Wis. Art. IV, sec. 18; *Mutual Ins. Co. v. Mayor, etc.*, 8 N. Y. 253; *People v. O'Brien*, 38 id. 193; Cooley on Cons. Lim. 144, 79–81. 2. Because it is retroactive in its operation, and would destroy plaintiff's vested right in his property. *Medford v. Learned*, 16 Mass. 215; *Hasbrouck v. Milwaukee*, 13 Wis. 37; *Denny v. Mattoon*, 2 Allen, 361; *McDaniel v. Correll*, 19 Ill. 226.

*J. W. Sale, A. A. Jackson* and *John Winans*, for the city, as to the power of the legislature to pass acts of this character, cited *Thomson v. Lee County*, 3 Wall. 327; *Magee v. The Commonwealth*, 46 Pa. St. 358; *Booth v. Woodbury*, 5 Am. Law Reg. N. S. 202; *McMillen v. Boyles*, 6 Iowa, 305; *McMillen v. Co. Judge*, id. 391; *Gelpcke v. Dubuque*, 1 Wall. 175; *Keithsburg v. Frick*, 34 Ill. 405; *Bridgeport v. H. R. R. Co.*, 15 Conn. 475; *Guilford v. Supervisors*, 13 N. Y. 143; *Brewster v. Syracuse*, 19 id. 116; In *Matter of Palmer*, 40 id. 561; 1 Kent's Com. 455; Cooley on Cons. Lim. 371; Sedgw. on Con. and Stat. Law, 666 et seq.; and in this court, *Hasbrouck v. Milwaukee*, 13 Wis. 37; *Tallman v. Janesville*, 17 id. 71; *Selsby v. Redlon*, 19 id. 17; *Cross v. Milwaukee*, id. 509; *May v. Holdridge*, 23 id. 93. As to the objection that the act does not express the subject in the title, they contended, 1. That the language of the constitution does not apply to the "act" or "law" after its passage, but only to the "bill" previous to its becoming a law, and so understood it must be regarded as directory. See Webster, Bouvier and Burrill

under the word "bill;" Constitutions of Wisconsin, Missouri, New York and Ohio, which use the word "bill," compared with those of Kentucky, Louisiana, Michigan, Iowa and California, which use the word "law," and that of Indiana, which uses the word "act;" *Pim v. Nicholson*, 6 Ohio St. 178; *Washington v. Murry*, 4 Cal. 388. 2. That the design of this provision is to prevent the uniting of various subjects of different classes in one act, and this case does not fall within the evil to be prohibited. *Conner v. The Mayor*, 5 N. Y. 285; *State v. Co. Judge*, 2 Iowa, 282; *Walker v. Caldwell*, 4 La. Ann. 298; *Brewster v. City of Syracuse*, 19 N. Y. 116; *Mut. Ins. Co. v. The Mayor*, 8 id. 241.

COLE, J. Without stopping to consider any other question discussed in this case, there is one which we think is decisive of the appeal. It is, that the act of the legislature (chap. 269, P. & L. Laws of 1870) relied upon to ease the defects and irregularities in the proceedings of the common council in making the special assessments for grading the street and laying the Nicholson pavement, is in conflict with the constitution, and therefore void. It is most unquestionably a private or local act, within the meaning of section eighteen, article four of the constitution. This section declares that "no private or local bill which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed in the title." We have no doubt whatever that this provision is mandatory in its character, and is to be regarded in the light of a limitation upon the power of the legislature. We are aware that there is some conflict of opinion among the courts whether such provisions in the fundamental law of the state are to be deemed mandatory, or merely directory in their character. But upon that point we have no difficulty. We have no idea that the framers of the constitution would have incorporated such a provision in that

instrument unless they intended that force and effect were to be given to it. The purpose of the provision is well stated in several decisions in New York, where the courts have been called upon to consider a similar clause in the constitution of that state. "The design," says RUGGLES, C. J., in *Connor v. The Mayor, etc., of New York* (5 N. Y. 285–293), "of the constitutional provision was to prevent the uniting of various objects having no necessary or natural connection with each other, in one bill, for the purpose of combining various pecuniary interests in support of the whole, which could not be combined in favor of either by itself." Says GARDINER, J., in *The Sun Mutual Ins. Co. v. The Mayor, etc., of New York* (8 N. Y. 241–253), in delivering the opinion of the court in that case: "The purpose of the sixteenth section was, that neither the members of the legislature nor the public should be misled by the title." Again the same judge says, in the case of *The Mayor, etc., of New York v. Colgate* (12 N. Y. 140–146): "Now, it is notorious that the discrepancy between the headings and subjects of our laws was so frequent that a constitutional provision was deemed necessary to guard against imposition upon a class of legislators whose knowledge of bills was supposed to be gathered principally from the title." These remarks are quoted with approval by DAVIES, C. J., in the case of *The People v. Hills*, 35 N. Y. 449–453. See also, *The People v. O'Brien*, 38 N. Y. 193, the latest exposition we have met with of this provision of the constitution, by the courts of that state.

These decisions very clearly point out the design and purpose of the provision. It was obviously intended to prevent the mischief of uniting together, in the same bill, various objects which had no necessary connection with each other; and in order to guard against surprise and imposition on the part of the legislature and the community affected by the law,

it is required that the title shall express the subject of the act.

The title of the law under consideration is, " An act to legalize and authorise the assessment of street improvements and assessments." And although the sole and only object of the law is to legalize and render valid certain proceedings of the common council of the city of Janesville, yet there is not the least reference in the title to the locality in which the law is to operate. And we agree fully with the counsel of the respondent in the view that the subject of a local act cannot be expressed in the title without a reference to the place over which it is to operate being made therein. No one reading this title would for a moment suppose that the sole purpose of the law was to legalize the proceedings of the common council of the city of Janesville in making these special assessments. It is true, the act embraces but one subject-matter. It does not unite various matters having no necessary or natural connection with each other. It is not, therefore, open to objection under the first clause of the provision. But there is no reference in the title to the city of Janesville or any other locality. And " it would seem impossible to devise a title, more calculated to mislead and throw off suspicion or inquiry as to the real subject of the act, than the one employed on this occasion. To sanction such a procedure would be to override and nullify a clear, plain and mandatory provision of the constitution." DAVIES, C. J., in *The People v. Hills.* These remarks are strictly pertinent and apposite to the law before us. No one in Janesville whose interests were to be affected by this legislation, would have any idea, on reading the title, what the subject-matter of the act was. There certainly was no difficulty in expressing in the title of this act that it was one " to legalize and authorize the assessment of street improvements and assessments " in the city of Janesville.

This was the sole, distinct and exclusive subject-matter of the act, and the constitution required that there should be a proper reference in the title to the locality which it affected. Otherwise all the evil and mischief which the constitution intended to guard against and prevent, by requiring the subject of the law to be expressed in the title, will surely follow. I should not be inclined to hold too strict a rule upon the subject; but where the bill is local, there should be some reference in the title to the locality in which the law is to operate.

It is suggested on the brief of counsel for the city, that the provision was only intended to apply to a bill before its passage, and not to an act of the legislature. We have no doubt but the word "bill," as used in this provision, is synonymous with the words "law" or "act," and must be so construed.

It follows from these views that the portion of the order appealed from by the city must be affirmed.

*By the Court.*—So ordered.