Hogeboom, J.*
This is a proceeding by mandamus to compel the common council of Brooklyn to take measures to open Pratt-street in said city; and an order for a peremptory mandamus has been made at special term, commanding the members of the common council to direct the counsel for the corporation to make the proper application to the court for the appointment of commissioners, and to take all such further legal steps as he may deem necessary and proper to carry into effect the act of the legislature, being ch. 507, Laws of 1869. From this order an appeal is taken to this court, and the question chiefly discussed is the constitutionality of the act last mentioned.
The act in question consists of three sections. The first section enacts that the portion of North Thirteenth-street. lying westerly of a line parallel with, and three hundred and eighty-five feet from the westerly line of First-street, and as extended to the bulkhead lines, is discontinued and closed. The second section declares that a new street, to be called Pratt-street, shall be laid down oh the commissioner’s map, sixty feet in width, extending from North Twelfth-street to the bulkhead line of Bushwick Inlet, parallel with, and *124 three hundred and eighty-five feet from the westerly line of First street, as laid down on said commissioner’s map. And that Pratt-street is thus laid down, and North Thirteenth-street from First-street .to Pratt-street, shall be forthwith opened and paid for in the manner now provided for by law for the opening that portion of Thirteenth-street thereby closed, and North Twelfth-street to the bulkhead line of the East river. The third section simply declares that the acts hall take effect immediately.
The title of the act (which was passed May 3, 1869), is, “An act to alter the commissioner’s map of the city of Brooklyn.”
I am of opinion that this act is unconstitutional, according to article 3, section 16, of the Constitution of the State of New York, which is as follows : “ No private or local bill which may be passed by the legislature, shall embrace more than one subject and that shall be expressed in the title."
1. This is a local bill. It relates to a particular locality and none other. It affects the people of a particular locality and none other. They are to bear the expense of the improvement, and they, or some of them, are to derive the chief find important, not to say exclusive benefit therefrom. The people of the State, or of any extended district, are not affected by it; at least, not otherwise than in that very remote degree and collateral way which does not alter the local character of the measure. It is the interests of this particular municipality—the city of Brooklyn—which were in view in the passage of this law, and not those of even contiguous territory. It is, therefore, a matter local and limited in its character; the boundaries of the improvement are definitely located, and embrace only a narrow territory ; and the general interests of the whole people, or of any portion of them outside of Brooklyn, were neither taxed or cons cited.
*125 2. Being a local bill, it was by the constitution to embrace but a single subject, “and that shall he expressed in the title.”
The subject of this act is not expressed in its title.
(1.) It is not enough that the commissioner’s map should be mentioned in the body of the act, or even should be subjected to some alterations. The new street (Pratt-street), is directed to be “laid down on said commissioner’s map,” although the portion of North Thirteenth-street ordered to be discontinued and closed, is not directed to be erased. The object of the provision is, that the real purpose of the act should be declared in its title. This was the aim of the constitution : that the title of the act should on its face disclose to the public and to individuals—to parties interested in the subject matter, whether as tax-payers, property owners, public spirited persons, legislators, or the general public—what the act related to ; that there should be no concealment of a mischievious purpose under a harmless title—a cover of iniquitous proceedings or burdensome taxation under some mild or pleasant name. This was the mischief to be remedied, the evil to be guarded against. Such things had been done before ; and it was intended that for the future they should not occur again.
(1.) In this case, the subject of the act is not expressed in the title. The object of the act is to open a new street, and to close an old one ; not simply or mainly to make or erase a line on a map. The latter might be well enough for some purposes—for purposes of information or the preservation of an authentic record—but in its nature it was only subsidiary and subsequent to the other, and comparatively unimportant. The important thing was not whether a line should be drawn on a piece of paper or parchment, but whether a street should be opened or closed ; whether property should be taken or destroyed ; whether ex *126 penses should be incurred; and, as a consequence, taxes imposed. The subject of the act—the real subject matter of it—was the opening and closing of a street. This was what the legislature provided for and what the people wanted to know about.
They got no useful or valuable information from the title of this act; or, if in any degree useful or valuable,, only so in a remote and indirect way. The act, judged of by its title was, “ An act to alter the commissioner’s map.” How ? It is not shown. To extend a line upon it or to blot out another ? Perhaps to correct a mistake, perhaps to make it conform to actual localities upon the ground ; perhaps to mark on it exterior boundaries ; or public buildings ; or water fronts ; or ferries; or bulkheads. The title of the act does not intimate that a street is to be opened, or ah expense incurred ; or a tax imposed ; or anything done calculated to attract the attention, or excite the interest, or to stimulate the watchfulness of the citizen. In short, the substance of the act is not that it alters a street on a map, but that it discontinues one street and opens another, and assesses the expense upon a limited public.
I cannot think this is in conformity to the constitution, or consistent with its provisions.
(3.) This provision is imperative and decisive of the invalidity of the act. It was precisely such an evil that the constitution meant to remedy, and the remedy is of no avail unless faithfully and rigidly administered. There are several cases in which the question has been presented, in some of which this provision has been directly enforced, and in others the duty of applying it in a proper case distinctly recognized (see People v. Hills, 35 N. Y., 449; Sun Mut. Ins. Co. v. Mayor, 4 Seld., 259; People v. McCann, 16 N. Y., 58; Mayor v. Colgate, 2 Kern., 146).
The order for a peremptory mandamus was there *127 fore erroneously or improvidently granted, and it must be reversed with costs.
J. F. Barnard, J. — The act under which, the mandamus issued is a snare. The legislature, in 1862, authorized the common council to open certain streets by a general geographical description, and not by the name of the street, and also dispense with the usual petition of owners of property to be affected thereby. In 1867 an additional section is enacted, to the effect that the expense of the proceedings under the act shall be included in the next tax levy of the Thirteenth, Fourteenth, Fifteenth, Sixteenth, Eighteenth and Nineteenth Wards of Brooklyn. In 1869 the act in question is passed, directing the opening of Pratt-street to be paid for in the manner now provided for by law for opening that part of North Thirteenth street which is claimed by the act, and in pursuance thereof. North Twelfth-street was recently opened under the title of “An Act to alter the commissioners’ map of the city of Brooklyn.” North Thirteenth-street has never been opened. I assume it would have been under the law of 1862, as amended in 1867, although it is not named in these acts. By the act of 1869, part of North Thirteenth-street, which was never opened, is closed. Pratt-street is opened. These subjects might properly come under the title, but a provision is inserted that the street shall be paid for in the manner now provided for by law for opening that part of North Thirteenth-street which is by the act closed. This is not within the title. Who could tell, from the title, that the city charter was altered as to the mode of payment for the expenses of this street? Is it? How was North Twelfth-street opened, and how paid for? The papers are silent.
I think the order granting a peremptory writ of mandamus should be reversed, with ten dollars costs.
Order accordingly.

 Present, J. F. Barnard, Tappen and Hogeboom, JJ.