# SUPREME COURT.

## Amelia M. Hopkins, agt. John M. Mason.

A plaintiff may recover in ejectment, as against any person in possession under an invalid title, on proof of prior use and possession, without proof of paper title and ouster by defendant.

An act authorizing an assessment for the expense of street improvement is in derogation of individual rights, and must be strictly construed and rigorously observed. If there is failure to comply with any material requirement of the law the sale or lease founded upon such assessment will be invalid to confer either title or right to possession.

The proceedings under which the assessment is laid are open to investigation in an action in which title is involved. Jurisdiction is acquired step by step, and ceases with any failure to comply with the law.

The trustees of Yonkers had power, under *chap* 269 of 1863, §2, to appoint three commissioners to make an assessment, neither of which commisioners should be owners of or *interested* in property within the assessment district. The trustees appointed as a commissioner O., who then was a pew holder in the Baptist Church, and who was a member of that church, and regularly contributed to the support of the gospel in that church. The church edifice and property was situate within the assessment district.

*Held,* that although O. had no assignable interest in the church property, he had an actual pecuniary interest therein, and was disqualified.

The same act required the commissioners to publish a notice addressed to the owners of land within the assessment district. The notice actually published was not addressed to anybody; *Held,* a non-compliance with a jurisdictional requirement.

The same act required the commissioners to publish another notice designating a time and place when and where they would sit to *hear* objections, and a time and place where their assessment could be inspected. The notice which was actually published fixed no time for a hearing, but did fix a time to receive written objections, and it stated that the assessment was filed with the village clerk.

*Held,* a non-compliance with a jurisdictional requirement. That the parties were entitled to a hearing, and that the notice failed to state the time and place where the assessment could be seen and inspected.

*Query.*—Whether the legislature have the constitutional right to interpolate in an act entitled "an act to consolidate, re-enact, and amend the charter of the village of Yonkers," a provision confirming and legalizing the acts of local officers.

*Held* further—That if the proceedings to lay the assessment were absolutely void, an act of the legislature ratifying and confirming such acts, and declaring them to be valid, is unconstitutional.

*General Term, Second Department, argued June,* 1871, *decided November,* 1871.

*Present*—J. F. BARNARD, *P. J., and* GILBERT, *J.*

APPEAL from a judgment of the supreme court. The case was tried at the Westchester circuit before Mr. Justice TAPPEN, without a jury, and upon his findings and direction a judgment was entered for the plaintiff, for possession of real property. The material facts are stated in the opinion.

RALPH E. PRIME, *for respondent.*
FRANCIS N. BANGS, *for appellant.*

*By the court,* BARNARD, *P. J.*—It is clear that the plaintiff has established a right to recover possession of the premises described in the complaint, as against any person claiming under a title shown to be invalid. To establish such a right, it is well settled that possession and use by the plaintiff, even without proof of paper title and ouster by defendant, may be sufficient in ejectment. The defendant claims a right to the possession of said premises, by virtue of a lease under a sale by the trustees of the village of Yonkers, for non-payment of an assessment for street improvement. The act authorizing the assessment is in derogation of individual rights, and must be strictly construed, and rigorously observed. If there is a failure to comply with any material requirements of said act, the sale or lease that may be based upon such sale, if the act provide for a sale or lease, will be invalid to confer either title or right to possession (*Shark* agt. *Spier,* 4 *Hill,* 76 ; *Shark* agt. *Johnson,* 4 *Hill,* 92 ; *Adriance* agt. *McCafferty,* 2 *Robt.* 153.)

The proceedings of the commissioners may show not merely judicial irregularities, but such gross violation of the act itself as would affect the jurisdiction of the subject matter, and therefore such proceedings, until properly adjudicated, are open to investigation in an action in which the title is involved. In such cases jurisdiction is acquired step by step

and ceases with any failure to comply with the act (*Adams* agt. *Saratoga & Washington R. R. Co.*, 10 *N. Y.*, 328).

A party setting up a title to land, under a sale for nonpayment of an assessment for street improvements, must show the authority to sell, and that includes a compliance with those material steps that must precede a valid sale (*Striker* agt. *Kelly*, 2 *Denio*, 323). The law as enunciated in the case of *Swift* agt. *The city of Poughkeepsie*, is not in conflict with the position here taken. It is proper, however, here to notice, that while the village charter, in the case of the sale of real estate for the nonpayment of taxes, makes the lease presumptive evidence that such tax was legally imposed, and of the regularity of the proceedings and sale, it contains no such provision in reference to sales for nonpayment of assessment for street improvements. The proceedings which resulted in the assessment for the nonpayment, whereof the premises in question were leased, or are claimed to have been leased to the defendant by the board of trustees of the village of Yonkers, were instituted under chap. 269, of the Laws of 1863.

That act contains, among other things, the following provisions : By section 1, the board of trustees of the village of Yonkers are authorized to cause a just assessment or apportionment of the sum of $11,655 61, to be made upon the parcels of land lying within a certain assessment district to be designated for that purpose, said sum being the amount of expenses theretofore incurred by said village, in certain street improvements.

By section 2, the said trustees are authorized to appoint three persons as commissioners, to make said assessments, all of whom shall be owners of a freehold estate in the town of Yonkers, liable to taxation, and none of whom shall be owners of or interested in property within the limits of said assessment district, &c., &c.

By section 3, each commissioner so appointed shall immediately, upon receiving notice of his appointment, take and

subscribe in writing, the oath or affirmation required by the constitution, before some officer authorized to administer the same ; such oaths or affirmations shall be filed in the office of the clerk of said village, before any commissioner so appointed shall perform any duty as such.

By section 4, after making their said assessments, and before making any report thereof, the said commissioners are required to publish a certain notice, addressed to the owners of land within the said district, and in such notice to designate . a time and place at which they will receive proof of certain former payments.

By section 5, the commissioners, before signing their report are required to give notice in one or more newspapers published in said village, of the time and place, when and where the parties interested can be heard, and when and where the report can be seen and inspected during the interval between the first publication and the day fixed for the hearing, and to return to the trustees, with their report, any written objection that may have been left with them by any parties interested.

By section 8, various provisions of the village charter " shall apply to the proceeding authorized to be taken by this act, so far as the same shall be applicable in the same manner, and to the same extent as if the same were part of this act." Each of the aforesaid requirements is jurisdictional, and a non-compliance therewith would render the proceedings void. These requirements were not fulfilled.

*First.* Because Jonathan Odell, one of the commissioners, had, perhaps not an assignable, but nevertheless an actual, pecuniary interest in the Baptist church property, situated in said assessment district, and was thereby disqualified. *Second.* Because the written oath of the commissioners being produced, it does not appear to have been taken and subscribed before an officer having authority to administer the same (6 *How.*, 394 ; 18 *Barb.*, 407). *Third.* Because the notice required by section 4, was not properly given, and the published notice, purporting to be the one required, was

not addressed to anybody. *Fourth,* Because no proper notice, as required by section 5, was published.

By the notice purporting to have been given under section 5, the opportunity is afforded not for a hearing, but to present written objections. Parties interested should have an opportunity to be heard without presenting written objections. Likewise, there is a failure to give notice of the time and place where such report could have been seen and inspected. The commissioners, therefore, having no jurisdiction to make the assessment, it is unnecessary to inquire whether section 8 gives authority to sell in case of non-payment, or further to trace the steps of the village officers in effecting the assumed transfer of title.

But it is claimed by the defendant, that his title to the said premises is valid, even if there be radical defects in the proceedings of the commissioners and trustees, and he relies upon section 13, of title 2, of chapter 673, of the Laws of 1868, page 1503, as a ratification and confirmation alike, of the sale and of all the preliminary steps. Section 13 of the last mentioned act is as follows :

"Section 13. All the proceedings of the president and trustees of said village heretofore had in respect to the laying, imposing, confirming, assessing, levying and collecting of taxes and assessments, and in the sale of lands for arrears of taxes and assessments, are hereby ratified and confirmed, and the same are declared to be valid." It is a matter of serious doubt whether this section, embracing, as it does, an independent local subject, to wit, the confirmation and legalization of the acts of local officers, which subject is not expressed in the title of the bill, can be legally interpolated in an act entitled, "an act to consolidate, re-enact and amend the charter of the village of Yonkers" (*People* agt. *Hill,* 35 *N. Y.,* 449).

To take a broader ground : if by reason of want of jurisdiction the proceedings of the president and trustees were absolutely void, and no title passed by their sale or lease of

the premises, it cannot be possible, that under our state constitution the legislature have authority to convey the plaintiff's land to the defendant—to take, without compensation, a lot from one private citizen and convey it to another ; and it is unnecessary, even after giving the broadest scope to all the claims that have heretofore been yielded to the legislature of the right to confirm the acts of public officers, to cite authorities upon so plain a proposition. The judgment appealed from, should be affirmed, with costs.

Heard before BARNARD, P. J., and GILBERT, J.; Justice TAPPEN not sitting, he having tried the case at the circuit.