Hardin, P. J.
Defendant gave evidence tending to show ownership of the premises in question, and thereby tending to show that the plaintiff and his grantor had not possessed them for twenty years or more before the defendant entered into possession thereof, shortly before this action was brought.
But the plaintiff, on the other hand, showed possession in Eierdon and wife, and a surrender of possession _ to plaintiff, and that the actual, open, notorious and visible possession of Eierdon and plaintiff had continued for twenty years or more prior to the 15th of April, 1884, *699 when the defendant took possession of the premises away from the plaintiff.
See the evidence of Eitzgerald and others offered by plaintiff in reply to the evidence of the defendant.
The conflict as to possession was such that the findings of the trial judge must be accepted as fairly determining the conflict, and passing upon the reasonableness of the evidence on either side of the question, as well as upon the credibility of the respective witnesses.
To support the defense of adverse possession or the right to recover in reliance upon it for twenty years, it is only needful that the party seeking to make out an adverse possession for twenty years, should show that it was under claim of title. It need not be under a specific title, as where a deed is challenged for champerty (32 N. Y., 170).
It was incumbent upon the plaintiff to show that he and his grantors had held adversely under claim of title, -and, having shown these facts, the statute of limitations enabled them to assert and maintain such title and ownership as the law declares to exist after twenty years of possession under a °claim of title. Thompson v. Burhans, 61 N. Y., 52; Hopkins v. Mason, 61 Barb., 469; sections 369 to 371, Code Civ. Pro.
The facts found by the trial judge bring the case within the law and give repose to the ownership of the plaintiff thus established. If the plaintiff was only mortgagee in possession under the arrangement shown to have been made with the Rierdons, he was entitled to maintain such possession. Chapman v. The D. L. and W. R. R. Co., 3 Lansing, 261.
The agreement by parol to surrender possession, and the actual surrender of possession, were competent as evidence and valid. Hiller, Justice, said in the case last cited, that while the verbal understanding of itself would be invalid, yet the possession which was the main thing to be accomplished was an execution of the oral agreement.
The evidence was sufficient to show that J. R. Steves (father of defendant) conveyed to Qúinby by deed dated December 1, 1849, and that the premises had been occupied for more than twenty years adverse to any title the defendant had acquired in them. Evidently the trial court did not believe that the Rierdons occupied the premises in question by license from Steves, and hence the effect of such a license need not be considered here.
“A judge is not bound to believe a thing merely because the witness swears to it, but he should test the evidence as other men of discernment would test, believing what he is convinced is true, and disregarding what he is convinced *700 is false.” Fuller v. Fuller, 4 Cent. Rep., 1027, N. J.; Fordham v. Smith, 46 N. Y., 683.
Appellant’s counsel asserts in his brief that a general assertion of ownership irrespective of any specific title is insufficient and refers us to Swettenham v. Leary (18 Hun, 284). Judge Talcott’s remark in that case was that such a possession was not sufficient “under the statute of Champerty,” and he adds, “Otherwise it seems in respect to adverse possession for the purposes of the statute of limitations,” and cites Crary v. Goodman (22 N. Y., 170.
In Bedell v. Shaw (59 N. Y., 50), it was said that to the extent of the claim, will the presumption of the law go in favor of the claimaiit and no further ? If he asserts-only a claim for years, and that is consistent with his possession, the law will not, upon the mere fact of his possession, adjudge him to be in under a higher right or larger estate. • Ricard v. Williams, 7 Wheat., 59.
Nothing was held by the trial judge, and nothing has been said in the foregoing opinion inconsistent with the doctrine as laid down in Bedell v. Shaw (supra). We find no error in the trial and decision below.
Judgment affimed, with costs.
Boardman and Fqllett, JJ., concur.