WARREN *et al. v.* WALKER *et al.*

(*Jackson.* April Term, 1934.)

Opinion filed May 31, 1934.

HAGGARD & HAGGARD, of Waynesboro, for appellants.

GEORGE W. PEARSON, of Linden, for appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The suit was brought by members of the county school board, elected in August, 1932, and holding under chapter 648 of the Private Acts of 1927, to test the constitutionality of chapter 554 of the Private Acts of 1933, and

to enjoin the defendants, named in the 1933 Act, from taking office. The Act of 1933 provided for a substitute school board to discharge the duties then being performed by complainants, and for the repeal of the Act of 1927. The attack upon the new act is directed first and chiefly to an alleged defect in the caption, in that, specifically, it fails to express in the title the "subject" of the act, as required by section 17 of article 2. The caption reads as follows:

"An Act to provide for a County Board of Education in certain counties, to prescribe the manner of the election of the members thereof, distribution, the filling of vacancies, the qualifications, position and duties, to terminate the term of office of members of the present Boards of Education and to repeal Chapter 648 of the Private Acts of 1927 and all other Acts and parts of Acts in conflict with this Act."

The point pressed is that, while purporting in its caption to be a private or local, as distinguished from a public or general, act, and while limited in its body, by use of the population classification basis, to Perry county only, there is nothing in the caption to indicate its application to that county; that the only words used descriptive of the territory to which it applies are "in certain Counties," leaving the caption, not only without words of designation of the county, but affirmatively expressive of indefiniteness. The chancellor sustained the act, and complainants have appealed.

Counsel for appellees frankly concede that "subject," as used in the Constitution, requires reasonable definition, in designation, of the county or counties to be affected. The answer to the objection offered is that the

caption contains the words, "and to repeal chapter 648 of the Private Acts of 1927;" that, since this act to be repealed related to Perry county only, Perry county was thus designated in the caption as the "subject" of the legislation.

The precise question is before this court for the first time. Perhaps this is so because the private acts of our Legislature, passed in great numbers, have uniformly contained in the caption language of definite designation and limitation to the county affected, either by name, or use of the population basis. It is plausibly argued that our Legislature has by this uniform course adopted a legislative construction of the particular constitutional requirement which should now be enforced; certainly, it may fairly be contended that this invariable practice has a tendency to give indefiniteness to a caption which carries no such recitals, and indefiniteness is the gist of the complaint here made. See *Atwell* v. *Parker*, 93 Minn., 462, 101 N. W., 946, citing 59 C. J., 796.

Indefiniteness, in this identical matter of designation of the county which is intended to be affected by the legislation, in what is known as private acts, has been recognized in our decisions as an objection properly to be considered in giving application to the constitutional requirement that the "subject" shall be expressed in the title. For example, in *Riggins* v. *Tyler*, 134 Tenn., 577, 184 S. W., 860, where the population basis had been used without referring to a particular census basis, this court held the act was not void, because the last federal census would be treated as intended to apply. It was thus plainly implied that, unless the county affected is fairly designated in the caption, the act cannot stand.

If this is not the necessary implication, then the entire discussion by the court of the issue before it was futile. Otherwise the simple and plain response to the attack in that case would have been that designation of the counties affected in such cases was not required. Moreover, "subject" is treated as synonymous with "purpose." See *Edwards* v. *Davis,* 146 Tenn., 615, 244 S. W., 359, where it is so used. "Purpose" is defined as "end, aim, place. The effect, or result aimed at, or intended." And "subject" is defined as, "that concerning which anything is said or done;" the "thing or person treated of." Webster.

The Constitution of Wisconsin has a provision (article 4, section 18) requiring that the "subject" shall be "expressed in the title." The Supreme Court of that state, in the leading case of *Durkee* v. *City of Janesville,* 26 Wis., 697, holding that, "where the bill is local, there should be some reference in the title to the locality in which the law is to operate," made these pertinent and emphatic observations:

"Although the sole and only object of the law is to legalize and render valid certain proceedings of the common council of the city of Janesville, yet there is not the least reference in the title to the locality in which the law is to operate. And we agree fully with the counsel of the respondent in the view that the subject of a local act cannot be expressed in the title without a reference to the place over which it is to operate being made therein. No one reading this title would for a moment suppose that the sole purpose of the law was to legalize the proceedings of the common council of the city of Janesville in making these special assessments.

It is true, the act embraces but one subject-matter. It does not unite various matters having no necessary or natural connection with each other. It is not, therefore, open to objection under the first clause of the provision. But there is no reference in the title to the city of Janesville or any other locality. And 'it would seem impossible to devise a title, more calculated to mislead and throw off suspicion or inquiry as to the real subject of the act, than the one employed on this occasion. To sanction such a procedure would be to override and nullify a clear, plain and mandatory provision of the constitution.' DAVIES, C. J., in *People* v. *Hills* [35 N. Y., 449-453]. . . . The constitution required that there should be a proper reference in the title to the locality which it affected. Otherwise all the evil and mischief which the constitution intended to guard against and prevent, by requiring the subject of the law to be expressed in the title, will surely follow.''

Also, in *Coutieri* v. *New Brunswick,* 44 N. J. Law, 58, the Supreme Court of New Jersey said: ''By the fourth clause of section 7 of article IV of the constitution, it is declared that 'every law shall embrace but one object, and that shall be expressed in the title.' The title of the present act is 'An act to fix and regulate the salaries of city officers in cities in this state,' and that title is an utter misstatement of the object of the act, which was to fix and regulate, exclusively, the salaries of the officers of the city of New Brunswick. The purpose of the constitution in this requirement is to prevent frauds upon legislation by means of false and deceptive titles to statutes. In this instance the title is both false and deceptive; false, as it imports a regulation of a class of

cities, when in truth it is applicable to a single city; deceptive, because no one, on reading such title, could reasonably understand that the body of the act was to have so limited an effect. On this ground this act cannot be enforced.''

It is apparent that the caption before us does not indicate, or give notice, to those to be affected by the act, that Perry county is the territory, the ''thing'' treated of, unless, as submitted for the appellees, the inclusion in the caption of the provision for repeal of a former act, which did affect Perry county only, supplies the lack.

We are not of opinion that it does so, either actually, or by what might be termed constructive notice. It is apparent that the repealing words used are wholly ineffective for this purpose, in that, neither in the ''caption or otherwise,'' does the act recite ''the title or substance of the law repealed,'' as required by section 17, article 2, of the Constitution. The manifest purpose of the constitutional requirement that the substance of the law repealed shall be recited is to assure definite notice of what is being done, including, of course, notice to those to be affected by the repeal. Since this language purporting a repeal is of no effect, because essentially wanting in the element of notice of what is being attempted to be repealed, it is likewise ineffectual, as notice of what is proposed to be enacted. And, giving application to the rule of reason and common knowledge, particularly in view of the long prevailing custom in the captioning of local laws, it is inescapable that a caption carrying no character of indication that a given county, and that county only, is the subject of the legislation, is, in prac-

tical effect, uninforming, if not misleading. It fails "to give notice to the legislator (or to the people affected) of the subject of the legislation." *Wilson* v. *State,* 143 Tenn., 55, 224 S. W., 168, 170. As recently said by this court, this requirement of the Constitution "was intended to prevent the evil practice of enacting laws under titles that convey no real information of their purpose." *Steele* v. *Louisville, etc., R. Co.,* 154 Tenn., 208, 285 S. W., 582, 585.

 Holding that "subject" includes designation of territory to be affected by local or private acts, we find no "real information" in the caption of this subject. Despite the rule, invoked by counsel for appellees, that this provision of the Constitution is to be construed liberally (*Kizer* v. *State,* 140 Tenn., 582, 205 S. W., 423, and other cases), we are constrained to reverse the judgment. In view of the conclusion announced, it becomes unnecessary to discuss other questions made.