COWDIN
v.
HUFF.

Saturday,
January 23,
1858.

*D. Moss,* for the appellants.

*G. H. Voss,* for the appellees.

---

COWDIN, Auditor, v. HUFF.

The act of 1852 establishing Courts of Common Pleas graduates the salaries of the judges, partly upon population, partly upon territory, and partly upon population and territory combined. *Held,* that the act is not uniform, within the meaning of the constitution.

The provisoes in § 38 of that act are void.

| 10 | 83 |
| 147 | 198 |
| 10 | 83 |
| 153 | 72 |
| 10 | 83 |
| ᵒ160 | 618 |
| 10 | 83 |
| ᵒ161 | 575 |
| 10 | 83 |
| 169 | 263 |

Nov. Term,
1857.

COWDIN
v.
HUFF.

Saturday,
January 23,
1858.

APPEAL from the *White* Court of Common Pleas.

PERKINS, J.—Motion for a mandate to compel the auditor of *White* county to allow and audit a claim. The statement of the case is as follows:

The appellee served in the office of judge of Common Pleas, for the district composed of the counties of *Tippecanoe* and *White*, one year and nine months. He was paid for his services at the rate of an annual salary of 600 dollars—the respective counties of the district paying at that rate in proportion to their population, that of *Tippecanoe* being 19,377, and of *White* 4,751, according to the last census taken by the *United States.*

The appellee insists, and the Court below held, that he was entitled by law to receive at the rate of an annual salary of 800 dollars, and that the respective counties of the district should have paid him at that rate in proportion to population.

The only question in the case arises upon the 38th section of the "act to establish Courts of Common Pleas," &c., approved *May* 14, 1852. 2 R. S. p. 23. This section reads as follows:

"Sec. 38. The salary of the judges of Common Pleas shall be graduated as follows, viz.: in districts in which the population is under five thousand, the annual salary of the judge shall be 300 dollars; in districts in which the population is over five thousand, and under eight thousand, the salary shall be 400 dollars; in districts in which the population is over eight thousand, and under thirteen thousand, the salary shall be 500 dollars; in districts in which the population is over thirteen thousand, and under eighteen thousand, the salary shall be 600 dollars; and in all districts where the population is over eighteen thousand, the salary shall be 800 dollars: *Provided*, that in all districts composed of only one or two counties, the salary of said judge shall not exceed 600 dollars per annum. *And, provided, further*, that in districts of more than two counties, said salary shall not exceed 600 dollars, unless the population of such district shall exceed thirty thousand."

Section 39 provides that the last census or enumeration

taken by the *United States,* or this state, from time to time,
shall be taken as the basis upon which to graduate the sal-
aries; that the salary shall be paid quarterly out of the
county treasury; and when there are two or more counties
in a district each county shall pay in proportion to popu-
lation.

By the third section of the " act to authorize and limit
allowances," &c., 1 R. S. p. 101, it is made the duty of the
auditor to draw his warrant upon the treasurer, when the
amount, time of payment, and the person to whom paya-
ble are fixed by law.

The appellee argues that the proviso in section 38 limit-
ing his salary to 600 dollars, because the district of which
he was judge contained only two counties, while the popu-
lation was over 18,000, is void, as being in conflict with
art. 4, §§ 22 and 23 of the constitution, prohibiting local or
special legislation upon the subject of fees and salaries,
&c., and requiring all laws to be general and of uniform
operation throughout the state.

There are now, and were, at the adoption of our consti-
tution, at least three modes in use of compensating per-
sons engaged in the public service, viz., fees, salaries and
wages. These modes are all different, each from the other;
and the difference between them has been immemorially
well understood.

FEES are compensation for particular acts or services;
as the fees of clerks, sheriffs, lawyers, physicians, &c.

WAGES are the compensation paid, or to be paid, for ser-
vices by the day, week, &c., as of laborers, commissioners,
&c.

SALARIES are the *per annum* compensation to men in
official and some other situations. The word *salary* is de-
rived from *salarium,* which is from the word *sal,* salt, being
an article in which the *Roman* soldiers were paid. See
[the dictionaries of] *Richardson, Webster, Bouvier,* and
*Wharton.*

Where the constitution does not provide otherwise, the
state may adopt either of these modes of compensating
those who may be in her service. But where that instru-

ment does prescribe a mode, that mode must be followed. It does provide, in effect, that judges of the Supreme and Circuit Courts shall be paid by salary. Art. 7, § 13. It makes no provision as to the compensation of judges of the Court of Common Pleas. These judges, therefore, might be paid by fees, as are justices of the peace; or by *per diem* allowance, wages, as were the Probate judges under the old constitution; or by salary, as are the present judges of the Circuit and Supreme Courts. But if the mode by fees or salary be adopted, the law must be uniform—if by fees, the fees must be the same, for the same acts, to all the judges; and if by salary, it would seem that the salary must be the same to all the judges. Could the legislature make a distinction, in point of salary between the judges of the Supreme Court? Could they make such distinction between the judges of the Circuit Court?

It would seem that, for the compensation by salary, of the same class of officers, the law, to be general and uniform, must give to each the same compensation. The constitutional provision, it will be observed, does not embrace duties to be performed, but requires uniformity in salary where it is given, or in scale of fees, where they are allowed.

It would seem, therefore, that a law for paying, by salary, the judges of the Court of Common Pleas, to be general and uniform, should fix the same compensation for each and all of them. But, however this may be, we are clear that a law which graduates the salary of a part of those judges upon population, a part upon territory, and a part upon population and territory combined, is not uniform within the meaning of the constitution. And as the present case involves the validity of the two provisoes in the 38th section only, we limit our decision accordingly, and simply declare them void.

*Per Curiam.*—The judgment is affirmed with costs.

*J. D. Cowdin*, for the appellant.

*S. A. Huff*, for the appellee.