## BENTON v. DECATUR COUNTY.

County auditor: COMPENSATION OF DEPUTY. A county is under no legal obligation to reimburse an auditor for money paid by him for services of a deputy.

*Appeal from Decatur Circuit Court.*

MONDAY, JUNE 9.

ON the 4th day of January, 1872, the plaintiff presented to the board of supervisors of Decatur county, his petition representing that during the years 1869, 1870 and 1871 he was auditor of said county.

That during said time he was obliged to have assistance, and that he procured the services of C. B. Jordon, whom he paid $320, and of J. P. Finley, whom he paid $80. That his time was fully occupied with other business in the office; that the labor was necessary to be done, and the price paid was reasonable.

The board of supervisors refused to allow the claim. Plaintiff appealed to the circuit court, in which a demurrer to the petition was filed. The demurrer was sustained, and plaintiff appeals.

*J. W. Harvey* for the appellant.

*J. P. Morrison* for the appellee.

DAY J. — I. Appellant claims that defendant had no right to file a demurrer in the appellate court, without leave first obtained. This question was not raised in the court below, and hence will not be considered here.

II. The office of county auditor was created by chapter 160, Laws of the Twelfth General Assembly.

This act minutely defines his duties, and fixes the compensation he shall receive.

The consideration upon the part of the auditor is the discharge of the duties imposed upon him by law. Upon the part of the county the consideration is the payment of such sum as is fixed by law, and such further sum as the board of supervisors may allow. Chapter 160, Laws Twelfth General Assembly, § 6. The law says, " do certain work, and you shall receive a specified compensation."

The officer accepts his position with a knowledge of the work to be done, and of the remuneration promised. He impliedly undertakes to do the work for the compensation offered. It is only by doing this work that he can perform the engagement into which he has entered. He needs not perform all the duties of his office in person. For the mere manual duties he may employ the fingers of a clerk, but such clerk must be paid out of the salary provided by law for the officer, for the law declares that certain work shall be done for a specified compensation, and if it is made to cost more, the law is violated.

An auditor cannot be allowed to do his work by proxy, and then transfer from the board of supervisors to a jury the question of compensation. If this action can be maintained there is no reason why every other officer in the State may not employ clerks to aid him in his official duties, and charge the county or the State with the expense thus incurred. If such is the law, the prescribing of salaries by the legislature is a vain thing.

The demurrer, in our opinion, was properly sustained.

Affirmed.