| 62 | 159 |
|----|-----|
| 136 | 543 |

| 62 | 159 |
|----|-----|
| 137 | 572 |

| 62 | 159 |
|----|-----|
| 147 | 193 |

| 62 | 159 |
|----|-----|
| 151 | 145 |

| 62 | 159 |
|----|-----|
| 158 | 555 |

THE STATE, EX REL. HARGRAVE, *v.* REITZ, AUDITOR.

FEES AND SALARIES.—*Judges of Criminal Courts.*—*Act of 1873.*—*Constitutional Law.*—*Mandamus.*—*County Auditor.*—Section 3 of the act entitled "An act to fix the salaries of the judges of the Supreme, circuit, superior, and criminal circuit courts of this State," etc., approved March 10th, 1873, 1 R. S. 1876, p. 777, which fixed the salaries of judges of criminal courts at two thousand dollars, with the proviso " That in all counties having a city with a population of forty thousand, the salary of said criminal circuit court judges shall be twenty-five hundred dollars " per annum, etc., is constitutional, being of general and uniform operation in all parts of the

State, under like facts. And, such being the case, a mandamus will not lie against the auditor of a county not containing a city with a population of forty thousand to require him to draw a warrant on the treasurer of said county, in favor of the criminal judge thereof, for a salary in excess of two thousand dollars.

From the Vanderburgh Circuit Court.

*A. Iglehart, J. E. Iglehart, S. R. Hornbrook* and *W. P. Hargrave,* for appellant.

*W. F. Smith,* for appellee.

HOWK, J.—In this cause, the relator of the appellant, in and by his verified complaint, prayed the Vanderburgh Circuit Court to issue a writ of mandate requiring the appellee, the auditor of Vanderburgh county, to draw a warrant or order on the treasurer of said county, in favor of said relator, for a balance of salary alleged to be due him as judge of the Vanderburgh Criminal Circuit Court.

To the relator's complaint, the appellee demurred, upon the following grounds of objection:

1.   That it did not state facts sufficient to constitute a cause of action;

2.   That it did not negative the fact that the relator had another remedy; and,

3.   That it was, in other respects, informal and insufficient.

This demurrer was sustained by the court, and to this decision the appellant's relator excepted; and, declining to amend his verified complaint, judgment was rendered against the relator, and in favor of the appellee, for the costs of this action, from which judgment this appeal is now prosecuted.

The decision of the circuit court, in sustaining the demurrer to his verified complaint, is assigned as error by the appellant's relator.

In his verified complaint the relator alleged, in substance, that, on the 14th day of June, 1872, he was appointed and

commissioned by the Governor of this State to the office of judge of the Vanderburgh Criminal Circuit Court, to fill a vacancy in said office created by the resignation of the Hon. Charles H. Butterfield, late judge of said court; that the relator duly qualified and discharged the duties of said office ; that, at the ensuing October election, in the year 1872, the relator was duly elected by the voters of said county to the office of judge of said court, and thereupon was commissioned by the Governor of this State to be judge of said court for the term of four years from the 26th day of October, 1872; that the relator qualified and acted under said commission, as such judge, until the 13th day of October, 1874, when, being informed and advised, as a matter of law, that there was a vacancy in said office, he caused his name to be placed upon the tickets used by the voters of said county, at the biennial general election for state and county officers, and, pursuant to said election, was duly commissioned as judge of said court by the Governor of said State for the term of four years from and after the 26th day of October, 1874 ; that he qualified according to law and had ever since been discharging the duties of such judge of said court; that on the 10th day of March, 1873, an act of the Legislature of this State was approved, which provided, among other things, in section 3, " There shall be allowed to each of the judges of the criminal circuit courts, annually, two thousand dollars, to be paid quarterly out of the treasury of the county in which such court is established : *Provided,* That in all counties having a city with a population of forty thousand, the salaries of said criminal circuit court judges shall be twenty-five hundred dollars, to be paid quarterly out of said county treasury as aforesaid. " And the relator said, that the auditor of said Vanderburgh county, during all said time for which the relator had held said office of judge of said Vanderburgh Criminal Circuit Court, to wit, from June 14th, 1872, to

March 31st, 1877, issued his warrants on the county treasurer for the relator's salary, at the rate of two thousand dollars per annum; whereas the relator had always claimed and then claimed, that ever since said 10th day of March, 1873, by reason of sections 22 and 23, of article 4, of the constitution of this State, prohibiting local or special legislation upon the subject of fees and salaries, and requiring all laws to be general and of uniform operation throughout the State, he, the relator, was entitled to be paid a salary, as such judge, at the rate of twenty-five hundred dollars per annum, and thereby his salary would be made equal to that of the judge of the Marion Criminal Circuit Court, who had received twenty-five hundred dollars per annum, in accordance with the provisions of said act of March 10th, 1873; and that so the relator had always protested and still protested that the said several payments of his salary by the treasurer of said county, and the said several warrants of the auditor of said county were not in full of his just demands against the said county, on account of his said salary, but that there remained due him, and yet unpaid, the sum of five hundred dollars for each and every year of the time during which he had served as such judge, since the 10th day of March, 1873, and in that proportion for the fraction of a year from the 10th day to the 31st day of March, 1877, to wit, the principal sum of two thousand and twenty-seven dollars and forty-five cents, to the 31st day of March, 1877, with interest thereon amounting to two hundred and thirty-one dollars and seventeen cents, said principal and interest being together two thousand two hundred and fifty-eight dollars and sixty-two cents, as shown by an itemized account attached to and made part of said complaint, for which amount he had requested the auditor of said county to issue his warrant on the treasurer of said county, to the end that he, the relator, might receive payment in full of his said

salary, which the said auditor refused to do. The relator further said, that the judge of the Marion Criminal Circuit Court, from March 10th, 1873, until the commencement of this suit, had been allowed and paid out of the treasury of Marion county, pursuant to the provisions of said act of March 10th, 1873, the sum of two thousand five hundred dollars per annum, as and for his salary as judge of said court, being five hundred dollars more per annum than had been allowed and paid to the relator on account of his salary as said judge of the Vanderburgh Criminal Circuit Court, which was an unjust discrimination against the relator, and in favor of the judge of the Marion Criminal Circuit Court, and not a uniform law within the meaning of the constitution of this State, as the relator was informed and believed the Supreme Court of this State had decided in a case precisely similar to this case of the relator's, as set forth in his complaint. The relator further said, that, according to the constitution of this State, all judicial officers of the same grade are entitled to receive the same salary, and that no law, general in its nature, can provide for the payment to a judge of one county of a higher salary than to a judge of another county, holding the same office. Wherefore the appellant's relator prayed that the writ of mandate might issue to the appellee, the auditor of said county, commanding him to issue his warrant on the treasurer of said county for said sum of two thousand two hundred and fifty-eight dollars and sixty-two cents, in full payment of the balance of principal and interest remaining due, as the relator believed, from said Vanderburgh county to the relator, on account of his said salary as such judge, etc.

We have given a full statement of the allegations of the relator's verified complaint in this case, because they show, very fully and clearly, not only the facts of the case, but also the legal points upon which the appellant's relator relied in his application for a mandate against the appellee.

The facts of the relator's case are few and simple. By appointment of the Governor of this State, and by virtue of different successive elections, the relator was the judge of the Vanderburgh Criminal Circuit Court from June 14th, 1872, until the 31st day of March, 1877. During this time, that is, from March 10th, 1873, until March 31st, 1877, the appellant's relator, as such judge of said court, was allowed and paid out of the treasury of Vanderburgh county an annual salary of two thousand dollars. These payments were made under and in accordance with the terms of section 3 of an act entitled "An act to fix the salaries of the judges of the Supreme, circuit, superior, and criminal circuit courts of this State, and to provide for the time and manner of payment," approved March 10th, 1873. 1 R. S. 1876, p. 777.

This section 3 was set out at length in the relator's verified complaint, and we have given it in full in our statement of the substance of said complaint. It will be observed, that, in and by this section, the annual salary of each of the judges of the criminal circuit courts was fixed at the sum of two thousand dollars, to be paid quarterly out of the treasury of the county in which such court is established. This was the general provision in said section, and this provision was neither local nor special; for it was expressly applicable in terms "to each of the judges of the criminal circuit courts." But the section contained this proviso:

"*Provided*, That in all counties having a city with a population of forty thousand, the salary of said criminal circuit court judges shall be twenty-five hundred dollars, to be paid quarterly out of said county treasury, as aforesaid."

Under and by virtue of this proviso, the appellant's relator claims that he should have been allowed and paid as judge of the Vanderburgh Criminal Circuit Court, out of

the treasury of Vanderburgh county, an annual salary of twenty-five hundred dollars, instead of two thousand dollars. For the difference between these two sums for each year and fraction of a year he held said office of judge of said court, and for accrued interest thereon, the appellant's relator demanded of the appellee, as auditor, a warrant on the treasurer of Vanderburgh county. The appellee refused to issue such warrant, and the relator's object in the institution of this suit and in the prosecution of this appeal is to obtain a judgment requiring the appellee, as the auditor of Vanderburgh county, to issue such warrant. If it was the official duty of the appellee as auditor, under the law, to issue such warrant, then it is clear that the appellant's relator is entitled by law to a writ of mandate against the appellee, as such auditor, to compel him, in the performance of his official duty, to issue such warrant. 2 R. S. 1876, p. 296, sec. 739.

This brings us to the consideration of the main question in this case, and this question may be thus stated: " Was the appellant's relator, as judge of the Vanderburgh Criminal Circuit Court, by any fair or reasonable construction of said section 3, before cited, of the salary act, entitled to an annual salary of twenty-five hundred dollars, to be paid out of the treasury of Vanderburgh county?" If he was so entitled, then the court below erred in sustaining the demurrer to his verified complaint ; but, if he was not so entitled, then no error was committed in sustaining said demurrer, and the judgment of the circuit court thereon must be affirmed.

In section 22 of article 4 of the constitution of this State it is provided, that " The General Assembly shall not pass local or special laws," among other cases, " In relation to fees or salaries."

In section 23 of the same article of the constitution it is provided, that, " In all the cases enumerated in the preced-

ing section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State."

The theory of the relator's case, as stated in his verified complaint, is, that the provisions of said section 3, quoted in his complaint, of the salary act of March 10th, 1873, are in some manner hostile to and in conflict with said sections 22 and 23 of said article 4 of the constitution. It is apparent from the averments of the relator's complaint, that he was at least embarrassed by the dilemma in which this constitutional question placed him. For, if said section 3 was constitutional, he had nothing to complain of, as he had been fully paid the salary which the section gave him. If, however, the section was unconstitutional, it was absolutely void, and the relator had no case; for he could not claim a salary under an unconstitutional and void law, simply because Marion county had, under such void law, paid the salary of the judge of its criminal circuit court. It was necessary, therefore, to the relator's case, that he should quietly assume that the proviso in said section 3, under which the judge of the Marion Criminal Circuit Court was allowed a salary of two thousand five hundred dollars, was constitutional and valid, and that the law would not be " of uniform operation throughout the State," unless it was so construed that it would give the same salary to each and all of the judges of criminal circuit courts in this State.

In support of this construction of section 3 of the salary act, *supra*, the appellant relies upon the decision of this court, in the case of *Cowdin* v. *Huff*, 10 Ind. 83. The case is in point, and it must be confessed that it fully sustains. the construction which the relator asks us to place upon said section 3 of the salary act. In that case it was held, " that a law for paying, by salary, the judges of the court of common pleas, to be general and uniform, should fix the

same compensation for each and all of them." In section 38 of the act to establish courts of common pleas, 2 R. S. 1852, p. 23, the salaries of the judges of said courts were graded according to the population of their districts from a minimum of three hundred dollars to a maximum of eight hundred dollars.

In the case of *The State* v. *Byrne,* 11 Ind. 547, in construing said section 38, it was held, *per curiam,* without assigning any reason for the decision, " that under the constitution and laws of the State, each judge of the court of common pleas is entitled to a salary of eight hundred dollars per annum."

The two cases last cited have never been expressly overruled, but practically they have been, and they cannot now be regarded as authorities, on the point under consideration.

In the case of *Groesch* v. *The State,* 42 Ind. 547, a more liberal and accurate view was taken by this court of the effect of sections 22 and 23, of article 4, of the constitution, upon the legislation of this State. In that case, it was said of the subject now before us : " It cannot be held that the framers of the constitution intended that the operation of laws throughout the State should be uniform in any other sense than that their operation should be the same in all parts of the State under the same circumstances and conditions."

The recent case of *Hanlon* v. *The Board of Commissioners of Floyd County,* 53 Ind. 123, is directly in point ; for in that case, as in this, the question for decision was the effect of the constitutional provisions before cited upon a section of a statute which gave to certain officers different salaries and made such difference to depend upon the question of population. In that case it was said by WORDEN, J., in delivering the opinion of the court : " The objection is pointed to that portion of the section

which gives an increased compensation where the popula-tion exceeds fifteen thousand. But, in our opinion, the section is neither local nor special, within the true sense and meaning of the constitution ; but, on the contrary, it is general and of uniform operation. It operates uniform-ly and alike, in all parts of the State, under like facts. It gives the same increase of compensation in all counties where there is the same excess of population."

The doctrine of the case last cited is clearly right, and is decisive of the case at bar. Section 3 of the salary act of March 10th, 1873, is constitutional and valid in all its provisions. Therefore it follows that the court did not err in sustaining the appellee's demurrer to the relator's verified complaint.

The judgment is affirmed, at the costs of the appellant's relator.

NOTE.—NIBLACK, C. J., was absent and did not participate in the decision of this cause.