## Thomas Heavley et al. v. The State of Indiana.

1.  *Constitutionality of Criminal Law of March* 29, 1879.—The said act is a
general law of information throughout the State, and therefore does not conflict
with the provision of the constitution which forbids the passage of local or special
laws for the punishment of crimes and misdemeanors.

2. *Prosecution by Affidavit and Information.*—Under section one of the Acts of 1879, p. 143, if there is no grand jury in session, and an accused person is in custody, a trial may be had on affidavit and information, and it is sufficient that such jurisdictional facts be stated in the affidavit and information.   Section 2 allows the accused a right to demand a trial without delay, in the same manner; but it is not a limitation on section 1; so that such demand of the accused is not a necessary jurisdictional fact in such proceeding under section 1.   Such demand is a mere personal right of the defendant conferred by section 2; and the court's jurisdiction does not depend upon his exercise of the right.

Filed June 21, 1881.
Appeal from Madison Circuit Court.
Opinion of the court by Mr. Chief Justice Howk.

This was a prosecution for rape, by affidavit and information, against the appellants, Thomas Heavley and John Noonan, and one Robert Shinn.   The appellants requested to be tried jointly, and on arraignment they each pleaded to the affidavit and information, that they were not guilty as therein charged.   The trial of the issues joined by a jury resulted in a verdict, finding them guilty as charged in the affidavit and information, and assessing their punishment at imprisonment in the State prison for the term of three years and six months; and judgment was rendered on the verdict.

A number of supposed errors have been assigned by the appellants on the record of this cause, all of which relate to the alleged insufficiency of the affidavit and information.   No objections were taken in any manner to any of the proceedings below, and the objections to the sufficiency of the affidavit and information are presented for the first time in this court.   The first point made by the appellants' counsel in argument is, that the act entitled, "An act in relation to prosecution of felonies by affidavit and information, in certain cases," approved March 29, 1879, is unconstitutional and void.   It is claimed by counsel that the act in question "is in direct conflict with sections twenty-two and twenty-three of article four of the constitution of the State, and is, therefore, illegal and void."   In said section 22, of article 4, it is provided that "the General Assembly shall not pass local or special laws, * * * * for the punishment of crimes and misdemeanors," not for "regulating the practice in courts of justice," etc.   In said section 23, of said article 4, it is declared that "in all the cases enumerated in the preceding section, and in all other cases where a general law

can be made applicable, all laws shall be general and of uniform operation throughout the State."

After quoting these constitutional provisions, the appellant's counsel says, interrogatively: "Now, is the act of 1879, above cited, general and of uniform operation, throughout the State?" We are of the opinion that this question must be answered in the affirmative. If, as counsel claim, there is any inconsistency between the provisions of the act of 1879, and those of the criminal code of June 17, 1852, the only effect of such inconsistency would be that so far forth the provisions of the criminal code would be repealed by those of the act of 1879, and the latter would be the law in force. The act of March 29, 1879, is not, as we think, in conflict with any of the provisions of the constitution of this State. The General Assembly had full power, therefore, to enact the statute under consideration; and, whatever may be thought of the policy or wisdom of the act, its constitutionality can not be fairly questioned or doubted. The modern view taken by this court, of the effect of said sections 22 and 23, of article 4 of the constitution of this State, upon the statute enacted by the General Assembly, differs very widely from the view first taken. Thus, in *Hanlon* v. *The Board, etc., of Floyd Co.*, 53 Ind. 123, this court said: "But, in our opinion, the section is neither local nor special, within the true sense and meaning of the constitution; but, on the contrary, it is general and of uniform operation. It operates uniformly and alike in all parts of the State, under like facts." *The State* v. *Reitz*, 62 Ind. 159; *McLaughlin* v. *The Citizens' Building, etc., Association*, 62 Ind. 264. So, also, it must be said, we think, that the above entitled act of March 29, 1879, is general and of uniform operation throughout the State.

But the appellants' counsel also insists, that the affidavit and information are bad, because they do not, nor does either of them, state all the facts necessary to give the trial court jurisdiction of the offense and of the persons of the appellants, under the provisions of the above entitled act of March 29, 1879. In section 1 of said act it is provided "that felonies may be prosecuted in the circuit and criminal courts by affidavit and information, in the following cases:

*First*. When any person is in custody on a charge of felony, and no grand jury is in session.

*Second.* When an indictment has been found by the grand jury and has been quashed.

*Third.* When the cause has been appealed to the Supreme Court, and reversed on account of defects in the indictment." Acts of 1879, p. 143.

In this case it was charged, both by the affidavit and information, that " the said Thomas Heavley, John Noonan and· Robert Shinn are now in the custody of the sheriff of Madison county, Indiana, to answer said charge, and the grand jury of said county is not now in session." It would seem that these allegations brought this cause fairly within the *first* case or class of cases, mentioned in said section 1 of the statute; and this, we think, was a sufficient showing of the necessary jurisdictional facts. But in section 2 of the same act, it is provided that " any person charged with a felony shall have the right to demand that he be prosecuted by affidavit and information without delay, and if the prosecuting attorney fails to prosecute as provided for in this act, the party so charged shall be discharged from custody." Acts of 1879, p. 144.

It is claimed by the appellants' counsel, as we understand his argument, that this section 2 of the act is in the nature of a limitation on the provisions above quoted of section 1 of the same act; and that, therefore, it became necessary to charge as a jurisdictional fact in the affidavit and information, in addition to those jurisdictional facts already mentioned therein, that the appellants demanded that they should be prosecuted by affidavit and information, without delay. In other words, counsel claims that in none of the cases provided for in the first section of the act, can a defendant be prosecuted by affidavit and information, unless he shall demand to be so tried; and that, therefore, the fact of such a demand by the defendant is a jurisdictional fact, which must be charged in both the affidavit and information, in order to show the court's jurisdiction both of the alleged felony and of the person of the supposed felon.

It seems clear to us, however, that this construction of the statute is in direct conflict with the manifest intention of the Legislature in its enactment, and it does not meet with our approval. In our opinion, the right of the defendant, under said section 2 of the act, is a personal right which he may exercise, if he

elect so to do, in order to secure a speedy trial of his case; but it cannot be said, we think, that the court's jurisdiction, either of his person or of the offense wherewith he may be charged, depends in any manner upon his exercise or non-exercise of such personal right.

We have found no error in the record of this cause which would authorize a reversal of the judgment below.

The judgment is affirmed at the appellants' costs.

C. D. Thompson, for appellants.

D. P. Baldwin, Attorney General, William A. Kittinger and W. W. Thornton, for appellee.