## PEOPLE *ex rel. v.* FLEMING *et al.*

(*Supreme Court of Colorado, Feb. 29, 1884—Quo Warranto.*)

1. LEGISLATIVE ENACTMENT—TITLE OF CONSTITUTIONAL PROVISION. The constitutional provision that no act of the General Assembly shall relate to more than one subject, which subject shall be clearly expressed in the title thereto (Sec. 21, Art. V, Con. Colo.) is imperative, and an act not conforming thereto is void.

2. SAME—SAME. The act entitled "An Act to Amend Sec. 76, of Chapter C, of the General Laws of Colorado, entitled 'Towns and Cities, and especially cities of the Second Class,'" approved Feb. 11, 1883, failing to comply with said constitutional provision, is void. Municipal officers claiming to hold under the provisions of said act have no rightful claim to such offices, are intruders, and will be ousted.

3. SAME—REPEALING CLAUSE. A clause in such act repealing all acts in conflict therewith, is also void, and the laws existing at the time of the passage, are not affected thereby.

BECK, C. J. An information in the nature of a *quo warranto* was filed in this Court in the name of the people, upon the relation of William Kellogg, district attorney of the Fifth Judicial District of this State, charging that the respondents are unlawfully holding certain city offices in the city of Leadville, that is to say: The said John D. Fleming is unlawfully holding the office of mayor; the said W. W. Officer is unlawfully holding the office of city clerk; the said H. T. Sale is unlawfully holding the office of city attorney, and the said Edward Cuddihee is unlawfully holding the office of city marshal.

Upon the filing of the information a rule was entered requiring the respondents to appear upon a certain day and show by what warrant or authority they and each of them hold their respective offices. Thereupon a citation issued, which was personally served upon the said Officer, Sale and Cuddihee, but said Fleming was not found. In respect to those served with the citation, their default to appear and answer the rule herein entered against them must be construed as an admission that the matters of fact charged in the information are true.

The substance of the information is, that said city officers are severally claiming to hold their respective offices for the term of two years from the sixteenth day of April, A. D. 1883, by virtue of an election held in said city, in pursuance of an act of the Legislature, entitled: "An act to amend Sec. 78, of chapter 'C' of the General Laws of the State of Colorado, entitled 'Towns and cities, and especially cities of the second class,'" approved February 11, 1883, and that said act is believed to be unconstitutional.

The first objection to the act of February 11, 1883, is that the subject of the act is not sufficiently expressed in its title. Sec. 21, article V, of the constitution, is as follows:

"No bill, except general appropriation bills, shall be passed

containing more than one subject, which shall be clearly expressed in its title, but if any subject shall be embraced in any act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

All the information to be derived from an inspection of the title of this act is, that it was proposed to amend a certain section of chapter "C" of the General Laws. There is a chapter of the General Laws which is numbered "C," but it is not entitled "Towns and cities, and especially cities of the second class," nor is there any chapter in the volume so entitled.

Chapter "C" comprises three separate legislative acts, each bearing its appropriate legislative title, and the several sections of all said acts, bearing their original numbers in addition to the general number in the compilation.

The title given by the compiler to the whole chapter is "Towns and Cities."

The only act in this chapter which contains seventy-eight sections is entitled, "An Act in Relation to Municipal Corporations." Sec. 78 of this latter act is under the subdivision, "Cities of the Second Class."

It is apparent that the title of the act in question is very defective in matters of description. But a more serious defect is that the subject of the proposed legislation was not only not clearly expressed in the title, but was not expressed at all.

The history and purpose of the constitutional requirement referred to is readily ascertained by consulting the numerous adjudications by Courts of last resort upon similar constitutional provisions.

According to Judge Cooley, the provision was designed to prevent the joining in the same bill subjects diverse in their natures and having no necessary connection; also to prevent the insertion of clauses in a bill of which the title gives no intimation. *People* v. *Mahany*, 13 Mich., 481.

Judge Gardiner, of New York, says the purpose was that neither the members of the Legislature nor the public should be misled by the title. *The Sun Mutual Insurance Co.* v. *The Mayor*, 8 N. Y., 241.

Judge Cole, of Wisconsin, says the design and purpose of the provision was obviously to prevent the mischief of uniting together, in the same bill, various objects which had no necessary

connection with each other, and in order to guard the Legislature and community affected by the law against surprise and imposition. *Durkee* v. *The City of Janesville et al.*, 26 Wis., 697.

In view of these citations, it is plain that the design of the constitutional provision that no bill except general appropriation bills should be passed containing more than one subject, which should be clearly expressed in its title, was wholly disregarded by the Legislature in the present instance. The only information in respect to the subject and extent of the legislation proposed obtainable from the title of the act of February 11, 1883, was that it was proposed to amend said section seventy-eight. It is but rational to conclude from this notification that the proposed amendment would be germane to the subject matter of the section to be amended. That section relates wholly to the duties and powers of mayors of cities of the second class. It is as follows:

"SECTION 78. The mayor of cities of the second class shall be the presiding officer of the city council and shall vote when there is a tie, but not otherwise."

In point of fact the subject matter of the section is not amended at all, but re-enacted in substantially the same words. The amendments made were amendments to other portions of the act entitled, "An act in relation to municipal corporations," approved April 4, 1877, which act contains 104 sections, one of which is said section 78. Other sections of said act make the mayor's term of office one year, and provide that the city clerk, city attorney and city marshal shall be appointed by the city council. This act attempts to change the mayor's term of office from one to two years, and makes the offices of city clerk, city attorney and city marshal elective instead of appointive. It also assumes to legislate concerning the powers, duties, compensation and term of office of all the foregoing officers. As to each and all of said matters section 78 is silent, save only as to certain powers of the mayor, and those are not changed by the amendment.

All the foregoing matters are mentioned and provisions made concerning them in other sections of the former act. A circumstance which makes the title of the latter act still more misleading than it would otherwise be, for it gave no intima-

tion of an intention to alter these other sections affected by the amendment.

To one familiar with the contents of chapter C, or who should upon hearing or reading the title of the bill to amend section 78, open the General Laws and read said section together with the rest of the chapter, the title of the proposed bill could not possibly convey the slightest intimation of the character of its amendments. Indeed, the more intimate one's acquaintance with said chapter C, the more he would be misled by said title as to the character of the amendments proposed to be made to section 78.

The doctrine of this Court is, that section 20, Article V, of the constitution of this State contains a mandatory declaration of an essential condition to the validity of legislative enactments, and that so much of any act as is not directly germane to the subject expressed in the title, is without force. *C. & G. Road Company* v. *The People,* 5 Colo., 40.

Now, what is the subject expressed in the title of this bill, and what is germane to this subject?

The subject expressed is "An act to amend section 78, of chapter C."

Germane to this subject are those matters which relate to the subject matter of the section. Matters relating wholly to other portions of chapter C, and not mentioned in section 78, are foreign to the subject expressed, and quite as liable to mislead as if no such matters were mentioned in the chapter.

Section 78 makes the mayor the presiding officer of the city council and authorizes him to vote in case of a tie, but not otherwise. Under a pretense to amend this subject it was re-enacted, but not amended, and most radical changes made in other portions of the chapter and affecting subjects wholly foreign to those mentioned in that section. Since, then, the essential condition to the validity of legislative enactments required by the constitution has been ignored in toto by the Legislature in the passage of the act of February 11, 1883, no part thereof being germane to the subject expressed in the title, it becomes our duty to declare said act to be void.

Counsel for the relator also insists that it is absurd, repugnant and void upon another ground, viz.: That in respect to all of said city officers it provides that they shall be elected on

the first Tuesday of April in each and every year, and that each shall hold his office for the term of two years, and until his successor is elected and qualified.

This would appear to be a proper case for the application of Lord Coke's doctrine (which received such sharp criticism from the English jurists), "that where an act of Parliament is against common right or reason, or repugnant or impossible to be performed, the common law shall control it and adjudge it to be void." Potter's Dwarris on Statutes, page 76.

Certain it is that in this instance the rule, that in construing a statute "full sense and meaning must be given to every clause and provision," cannot be complied with.

Mr. Dwarris cites as an instance of difficult construction, "where the design of the framers of a law cannot be seen." Surely this must be a specimen of the class of legislation referred to.

I venture the suggestion that a law which requires the mayor of a city to be elected on the first Tuesday of April in each and every year, and that he shall hold his office for the term of two years, equals in obscurity of design any act of the British Parliament passed since the days of Witena Gemote of the early Saxons. But whether Lord Coke's rule should be applied, and the statute held void as against common reason and impossible to be performed, or whether the more temperate doctrine of Sir William Blackstone is applicable, which avoids such a law only as to that portion thereof giving rise to absurd consequences, on the theory that they were not foreseen by its framers, it is unnecessary to decide, since we have already declared it void on another ground.

This ruling disposes of all questions respecting the effect of the several provisions of the act except the repealing clause, which provides that "all acts and parts of acts inconsistent with this act are hereby repealed."

There are cases which hold that the repealing clause of an unconstitutional statute may stand and have effect, notwithstanding the invalidity of the rest of the act. But there is another class of cases, apparently based on sounder reason, which hold that the repealing clause is to be understood as designed to repeal all conflicting provisions in order that the new statute can have effect; and where the statute itself is held to

be invalid, nothing can conflict with it and therefore nothing is repealed. Cooley's Constitutional Lim., page 222 and cases cited.

We adopt the latter view in the present case, and hold the repealing clause void.

In view of the facts and the law arising thereon, we find as to the respondents cited to appear and answer the rule entered against them, that the election by virtue of which they claim their respective offices was void and of no effect, and that they have severally been guilty of intruding into said offices. But as to said John D. Fleming, not having been served with process, his case is not before us and no action concerning it is taken.

It is therefore ordered and adjudged that said W. W. Officer be, and is hereby ousted and altogether excluded from the said office of city clerk; that the said H. T. Sale be, and he is hereby ousted and altogether excluded from the said office of city attorney, and the said Edward Cuddihee be, and is hereby ousted and altogether excluded from the said office of city marshal of the said city of Leadville, and that each of them be excluded from all the franchises, privileges and emoluments thereof.