By the Court:
This action was brought by a taxpayer of Hamilton county to test the constitutional operation of section 897a of the Revised Statutes, passed March 8, 1888. 85 Ohio Raws, 76. This section applies only to Hamilton county, and is in the following terms:
“ Section 897¿z. In counties in which, by the last federal census, the population amounted to two hundred and fifty thousand, or upwards, each commissioner shall be allowed for expenses incurred by said commissioner, in the proper discharge of his duties within said county, the sum of ($1,000) one thousand dollars per annum. Said sum to be paid out of the county treasury on the warrant of the county auditor.
“Section 2. This act shall take effect on and after its passage.”
The constitutionality of this statute is assailed upon the ground that it increases the salary of the county commissioners of Hamilton, county during the terms for which they had been elected, and for that reason contravenes section 20 of article 2 of the constitution of 1851, which reads as follows:
“ Section 20. The General Assembly, in cases not provided for in this constitution, shall fix the term of office and the compensation of all officers; but no change therein shall affect the salary of any officer during his existing term, unless the office be abolished.”
This section of the constitution, as will be observed, denies to the General Assembly power to affect the “salary” *582 of any officer during bis existing term. In terms the statute in controversy allows a thousand dollars per annum to each county commissioner for expenses incurred in the discharge of his duties within the county, the word salary not being used at all, and from this wording of the statute it is contended that it creates no increase of salary but merely allows compensation for expenses. Constitutional guarantees would afford but slight barriers to encroachments by any of the departments of the government, if the forbidden object could be accomplished by simply using a form of words that did not name it in express terms. If the effect of the statute under consideration is to increase the salary of those county commissioners who were serving current terms of office, it is unconstitutional to that extent. The county commissioners of Hamilton county before the adoption of this statute were each entitled to two thousand dollars per annum and necessary travelling expenses when travelling outside of the county on official business. 83 Ohio Raws, 71. This was the- full extent of the compensation allowed them by law, and whatever personal expenses they should incur while discharging their official duties within the county, was not a charge upon the public treasury. The act in question neither imposed new duties nor created additional expenses. It simply allowed each commissioner of Hamilton county to draw from the public treasury the sum of three thousand dollars, whereas before the act was piassed his compensation was limited to two thousand dollars.
The one thousand dollars allowed by' the section, under consideration, as well as the two thousand dollars allowed by the former law, is a “reward paid to a public officer for the performance of his official duties,” and is therefore “salary.” 2 Bouvier, 492; Cowdin v. Huff, 10 Ind. 83; 2. Abb. Law Dic. 440.
It necessarily follows, from the view of the statute we have taken,, that to the extent that it sought to affect the salaries of officers during the terms which they were serving, when it was enacted, it is unconstitutional- and void.

fiidgment reversed.