[No. 4847.]

THE BOARD OF COUNTY COMMISSIONERS OF TELLER COUNTY v. TROWBRIDGE, DISTRICT ATTORNEY.

1. **Constitutional Law—Legislative Enactments—Title—Requirements.**

Section 21, art. 5, Colo. const., provides that no bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject shall be embraced in any act which shall not

be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed. Held, that such provision contains a mandatory declaration of an essential condition to the validity of legislative enactments; and that so much of any act as is not directly germane to the subject expressed in the title, is without force.—P. 453.

2. **Words and Phrases—"Salary"—"Fees."**

A "salary" is a fixed compensation for regular work, while "fees" are compensation for particular services rendered at irregular periods and payable at the time the services are rendered. —P. 454.

3. **Constitutional Law — Legislative Enactments — Amendatory Acts—Titles—Sufficiency.**

The title of the act of 1877 (Genl. Laws 1877, p. 427) reads, "An act to fix regular fees chargeable by county, precinct and other officers"; and section 7 of such act relates to the fees of district attorneys, but is entirely silent as to the salaries of such officers. This act was published in the General Statutes of 1883 as chapter 38, and section 7 was amended in 1889, and again in 1891 (Sess. Laws 1891, p. 221) by an act entitled "An act to amend section 7 of chapter XXXVIII, of the general statutes of the State of Colorado, entitled 'Fees,' the same being general sections one thousand, four hundred and eighteen (1,418) of said statutes as the same was amended April 20, 1889." Section 1, par. 5, of the act of 1891, limits the annual compensation of district attorneys, including the salary paid by the state, to $4,000. Held, that section 1, par. 5, supra, is obnoxious to § 21, art. 5, Colo. const., which provides that no bill, except general appropriation bills, shall be passed containing more than one subject, in that it is not germane to the subject expressed in its title, or to the subject of the section which it attempts to amend, since the subjects "salary" and "fees" are not directly germane to each other; and therefore such paragraph does not repeal § 2, p. 308, Sess. Laws 1891, which limits and regulates the annual compensation of district attorneys.—P. 457.

4. **District Attorneys—Expenses—Allowance.**

A district attorney is not entitled to deduct from the fees of his office amounts. necessarily expended by him as such district attorney for office rent, clerk hire, stenographer, telephone, postage, letter files, and stationery, since he is not required to keep an office as are other state and county officers, and there being no statutory provision which imposes on the county commissioners the duty of furnishing him an office as they are required to do for certain other officers.—P. 458.

*Error to the District Court of Teller County.*
*Hon. Jas. L. Russell, Judge.*

Action by the board of county commissioners of Teller county against Henry Trowbridge, district attorney of the Fourth Judicial District. From a judgment for defendant, plaintiff brings error, and defendant assigns cross-errors.

> *Reversed in part, affirmed*
> *in part, and remanded.*

Decision *en banc,* Mr. JUSTICE CAMPBELL and Mr. JUSTICE BAILEY dissent in part.

Mr. HARVEY RIDDELL, for plaintiff in error.

Mr. C. D. HAYT and Mr. FRED R. WRIGHT, for defendant in error.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

By an agreed statement of facts two questions were propounded to the court below for solution.

1. Is the district attorney of the Fourth Judicial District entitled to $4,000.00 as the maximum limit of compensation as such district attorney for the year 1901; or is he entitled to the sum of $3,000.00 as such maximum limit of compensation?

2. Is such district attorney entitled to deduct from the fees of his office the amounts, or any part thereof, necessarily incurred and expended by him as such district attorney for office rent, clerk hire, stenographer, telephone, postage, letter files and stationery?

The court found that the district attorney was entitled to the sum of $4,000.00 as the maximum limit of compensation for the year 1901, and was not entitled to deduct from the fees of his office any of the amounts incurred and expended by him for office

rent, stenographer, telephone, postage, letter files or stationery, and rendered judgment accordingly.

The assignments of error of the county commissioners assail the judgment allowing the district attorney the sum of $4,000.00 as the maximum limit of his compensation, and the cross-errors of the district attorney assail the judgment disallowing the amounts necessarily expended by him for office rent, clerk hire, stenographer, telephone, postage, letter files and stationery.

Prior to 1891 district attorneys were paid a salary of $800.00 by the state and were allowed to collect and retain certain fees provided by section 7 of chapter 38, General Statutes, being general section 1418.

The county commissioners contend that by the act approved April 6, 1891, entitled: "An act to provide for the payment of salaries to certain officers, to provide for the disposition of certain fees, and to repeal all acts inconsistent therewith" (Session Laws 1891, p. 307), it was provided, by section 2 thereof, that in districts presided over by one judge only, district attorneys should receive $4,000.00, and in districts presided over by more than one judge, district attorneys should receive $5,000.00, the surplus fees by him collected to be accounted for as therein provided, and that the section relating to salaries was amended by the act of April 11, 1899 (Session Laws 1899, p. 331), so that the salary of the district attorney of the Fourth Judicial District was fixed at $3,000.00 per annum, and, therefore, the court erred in allowing the district attorney a salary of $4,000.00 for the year 1901.

The district attorney contends that paragraph 5, section 1, of the act of April 20, 1891 (Session Laws 1891, p. 221), repealed section 2 of the act of April 6, 1891, it being a later act of the same session,

and that the act of April 11, 1899, is of no validity as to the question here presented, in that it is an attempt to amend a section of a law which had been repealed.

The commissioners meet this contention by saying that paragraph 5, section 1, of the act of April 20, 1891, is itself of no validity, because the subject-matter of such paragraph is not embraced within the title of the act.

The matter, therefore, resolves itself into this one question: Does paragraph 5, section 1, of the act of April 20, 1891, repeal section 2 of the act of April 6, 1891?

Section 21, article 5, of the constitution of Colorado is:

"No bill   *   *   *   shall be passed containing more than one subject, which shall be clearly expressed in its title. But if any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

It is the settled doctrine of this court, that the above section of the constitution of this state contains a mandatory declaration of an essential condition to the validity of legislative enactments, and that so much of any act as is not directly germane to the subject expressed in the title, is without force. —*People v. Flemming,* 7 Colo. 230; *People v. Hall,* 8 Colo. 485; *In re Breen,* 14 Colo. 401.

The title of the act of April 20, 1891, is:

"An act to amend section seven (7) of chapter XXXVIII, of the general statutes of the State of Colorado, entitled 'Fees,' the same being general section one thousand, four hundred and eighteen (1,418) of said statutes as the same was amended April 20, 1889."

The title of the act of 1877, of which section 1,418, general statutes, is a part, is:

"An act to fix and regulate fees chargeable by county, precinct and other officers."—General Laws 1877, 427.

Section 7 of this act relates to the fees of district attorneys, and is entirely silent as to the salaries of such officers, and, therefore, in its final analysis, the question presented is, Does an act which purports to amend a particular section of an existing statute, the title of which relates to "fees," and the section attempted to be amended covering the subject of fees only, violate section 21, article 5, of the constitution, by incorporating therein a paragraph fixing the salary to be paid to the officer who receives the fees, upon the ground that the subject is not clearly expressed in the title, and is not germane to the subject expressed in the title? In other words, Is the subject "salary" directly germane to the subject "fees"?

*Salary:* "A periodical allowance, made as compensation to a person for his official or professional services, or for his regular work."—Standard Dictionary.

*Fee:* "A payment for services done or to be done, usually for professional or special service, the amount being sometimes fixed by law or custom, and sometimes optional."—*Idem.*

The distinction between salary and fees recognized by all the authorities is this: a salary is a fixed compensation for regular work, while fees are compensation for particular services rendered at irregular periods, payable at the time the services are rendered.

Our constitution recognized this distinction — section 15, article 14, constitution.

It is there provided for a classification of counties by population, for the purpose of establishing the *fees* to be charged by certain officers for services to be performed by them, and where *salaries* are provided by law, the same shall be paid out of the fees collected.

In *Landis v. Lincoln Co.*, 31 Ore. 424, 426, it is said:

"By the ordinary acceptation of the term 'fees,' as heretofore and now used in the statute, we understand it to signify compensation or remuneration for particular acts or services rendered by public officers in the line of their duties, to be paid by the parties, whether persons or municipalities, obtaining the benefit of the acts, or receiving the services, or at whose instance they were performed *(Musser v. Good,* 11 Serg. & R. 247; *Tillman v. Wood,* 58 Ala. 578); while the term 'salary' denotes a recompense or consideration to be paid a public officer for continuous, as contradistinguished from particular, services, and may be denominated 'annual or periodical wages or pay' * * * Lexicographers and some authorities class 'salary' and 'wages' as synonymous. * * * ·but not so with the terms 'salary' and 'fees,' as they appear generally to be distinguished very much as indicated above."

In *Cowdin v. Huff,* 10 Ind. 83, 85, it is said:

"There are now, and were at the adoption of our constitution, at least three modes in use of compensating persons engaged in the public service, viz., fees, salaries and wages. These modes are all different, each from the other; and the difference between them has been immemorially well understood.

"Fees are compensation for particular acts or services; as the fees of clerks, sheriffs, lawyers, physicians, etc.

"Wages are the compensation paid, or to be paid, for services by the day, week, etc.; as of laborers, commissioners, etc.

"Salaries are the *per annum* compensation to men in official and some other situations. The word 'salary' is derived from '*salarium*,' which is from the word '*sal*,' salt, being an article in which the *Roman* soldiers were paid."

See, also, *Board v. Wasson,* 74 Ind. 133; *Seiler v. State,* 160 Ind. 605.

On principle and authority we are forced to the conclusion that the subjects "salary" and "fees" are not directly germane to each other.

In the former opinion announced in this case it was held that *Airy v. People,* 21 Colo. 144, decided the question here presented, contrary to the conclusions here announced, but further consideration of that case, in view of the precise question there under consideration, convinces us that we were wrong in so holding.

There the question under discussion was, Is the salary act of April 20, 1891, obnoxious to the constitutional requirement that no bill except a general appropriation bill shall contain more than one subject?

The court held that the general subject of the bill there under consideration was the compensation of public officers, and that the two subdivisions or branches of the subject, to wit, salaries and fees, were included within the general subject. This conclusion seems to be justified by the authorities there cited, and the familiar rule applicable to cases of this kind, thus stated by Judge Cooley (Cons. Lim. [4th ed.] 220): .

"It has been said by an eminent jurist, that when courts are called upon to pronounce the invalidity of an act of legislation passed with all the

forms and ceremonies requisite to give it the force of law, they will approach the question with great caution, examine it in every possible aspect, and ponder upon it as long as deliberation and patient attention can throw any new light upon the subject, and never declare a statute void, unless the nullity and invalidity of the act are placed, in their judgment, beyond reasonable doubt. A reasonable doubt must be solved in favor of the legislative action, and the act be sustained.''

As before stated, section 7 of chapter XXXVIII of the general statutes relates to fees alone: Paragraph 5 of section 2 of the act of April 20, 1891, relates to salaries alone; subjects which we have concluded are not directly germane to each other. Therefore, paragraph 5 of section 2 of the act of April 20, 1891, is obnoxious to section 21, article 5, of the constitution, in that it is not germane to the subject expressed in the title or to the subject of the section which it attempts to amend.

It is, therefore, invalid, and did not repeal section 2 of the act of April 6, 1891.—*People v. Flemming,* 7 Colo. 230; *Commissioners v. Aspen M. & S. Co.,* 3 Colo. App. 223; *Edwards v. D. & R. G. R. R. Co.,* 13 Colo. 59; *Eaton v. Walker,* 76 Mich. 579; *Dolese v. Pierce,* 124 Ill. 140.

It follows that the salary of the district attorney was $3,000.00 and not $4,000.00, as ruled by the trial court.

Judgment upon this branch of the case must be reversed.

2. On behalf of the district attorney it is insisted that the court erred in the disallowance of the expenses necessarily incurred by him in the discharge of his official duties, such expenses being for the items hereinbefore enumerated.

The principle relied upon in support of this contention is thus stated by Mechem on Public Officers, section 877:

"Where a public officer, in the due performance of his duty, *has been expressly or impliedly required by law to incur expense on the public account,* not covered by his salary or commission, and not attributable to his own neglect or default, the reasonable and proper amount thereof forms a legitimate charge against the public for which he should be reimbursed."

A number of authorities are cited in the brief in support of the above proposition, all of which have been given due consideration.

The principle stated in the above quotation from Mechem is the law, but, in our judgment, is inapplicable *to the facts of this case.* There is *no statute of* this state which either expressly or impliedly requires the district attorney to "incur on the public account," the expenses of office rent, stenographer, clerk hire or telephone, or any of the other expenses enumerated above. He is not required to keep an office; other state and county officers are so required, which clearly indicates that it was within the contemplation of the legislature, that if such expenses were incurred by the district attorney, they should be borne by him. In the absence of a statute making the counties liable for such expenses, the general principle of law announced by Mechem is only applicable in cases which are strictly within the purview of the principle. Many of the cases cited by counsel for the district attorney in support of this contention are not in point. Others are cases where the officers were required by law to keep an office, and to keep it open for the transaction of public business during reasonable office hours. In such cases the courts have held that the county was liable for

fuel and lights.   Other cases are to the effect that
where the law provides that the county authorities
shall fix the compensation of county officers, and the
amount of their necessary clerk hire, stationery, fuel
and other expenses, it was held that such provision
was intended to effectually prohibit anything from
being paid beyond what was so fixed or actually
necessary.

These latter authorities are against the conten-
tion of the district attorney.

Not a single case has been cited which is directly
in point, nor has diligent investigation found one.

In *Benton v. Decatur Co.*, 36 Ia. 504, the county
auditor was obliged to have assistance and employed
persons whom he paid for the services by them ren-
dered.   From a judgment disallowing the claims pre-
sented by the auditor, an appeal was taken.   In the
course of the opinion the court said:

"The officer accepts his position with a knowl-
edge of the work to be done, and of the remuneration
promised.   He impliedly undertakes to do the work
for the compensation offered.   It is only by doing
this work that he can perform the engagement into
which he has entered.   He need not perform all the
duties of his office in person.   For the mere manual
duties he may employ the fingers of a clerk, but such
clerk must be paid out of the salary provided by law
for the officer, for the law declares that certain work
shall be done for a specified compensation, and if it
is made to cost more, the law is violated."

It may be said that the above authority applies
to the employment of a stenographer and other cleri-
cal assistance only, but we think that the principle
announced is sound, and should be applied to the
other items of expense herein involved.

Other authorities to the same effect are:   *Cohen
v. Commonwealth,* 6 Pa. St. 111; *Gilcrest v. Wilkes-*

*barre,* 142 Pa. 114; *Daggett v. Ford Co.,* 99 Ill. 334; *Cullom v. Dolloff,* 94 Ill. 330.

If the district attorney may maintain an office in one county, he may maintain an office in every county in his district, with its attendant expenses. We believe that such a rule, if it were established, would be dangerous in the extreme, as thereby every other officer in the state would be authorized to employ stenographers and clerks and purchase stationery at the expense of the state or county.

The board of county commissioners of each county by statute is required to provide offices for the county officers. There being no statutory provision which imposes upon the board of county commissioners the duty of furnishing an office to the district attorney, seems to be an additional reason for holding that the counties of his district are not chargeable for office rent and other expenses of such office.

The judgment of the court below, upon this branch of the case, was right, and will be affirmed.

The former opinion announced in this case will be withdrawn.

The judgment will be affirmed in part and reversed in part, and the cause remanded, with directions to the district court to enter judgment upon the agreed statement of facts pursuant to this opinion.

Decision *en banc.*    *Reversed in part, affirmed in part, and remanded.*

---

I am authorized by Mr. Justice Campbell and Mr. Justice Bailey to say that they dissent from the ultimate conclusion reached by the court on the first branch of the case, if it is based, and can be sustained, only upon the announced proposition that fees and salaries are not germane to each other, as it seems to them to be opposed to the reasoning in the

*Airy case, supra;* and whether or not the final conclusion can be reached by other reasoning, they are not, as at present advised, prepared to express an opinion.